1802.

## Wise *v.* Wilcox.

### In the Court below,

SYLVANUS WILCOX, *Plaintiff;* SAMUEL P. WISE and
ENOS G. NETTLETON, *Defendants.*

In an action by A. against B. for falsely and deceitfully affirming C. to be a man of property, by which A. was induced to trust C. and take his note, C. is a competent witness for A. to prove the facts, tho' the note be unpaid.

ACTION on the case, charging the defendants with fraudulently and deceitfully affirming to the plaintiff, that one *Hawley,* who was then negotiating a bargain with the plaintiff for a horse, was a man of property and responsibility, whereas they knew him to be a bankrupt ; that the plaintiff sold the horse, and took *Hawley*'s note for the same, in consequence of their false affirmations ; that they shared the property among them ; that the note had never been paid, and that *Hawley* was utterly unable to pay any part of it, and always had been.

On trial to the jury, on the general issue, *Hawley* was offered, by the plaintiffs, as a witness to all the facts stated in the declaration. An objection was taken, that he was interested ; for that if he procured a recovery, in this case, the note would be discharged. The Superior Court overruled the objection, and admitted the witness. A bill of exceptions was filed. Verdict for the plaintiff.

On this bill of exceptions this writ of error was brought. The general error was assigned.

*Edwards,* (of New-Haven) and *Smith,* (of New-Haven) for the plaintiffs in error, insisted, that if the plaintiff below recovered his whole damages from the defendants, *Hawley*'s note might be deemed paid, upon the principle, that a person can receive no more than one satisfaction for an injury ; that if the note had been paid, this action could not have been supported ; and, therefore,

that the witness offered was directly interested, and, of course, incompetent.

*Daggett*, for the defendant, insisted, that a recovery against the defendants below would be no bar to a recovery on the note; that no plea could be formed, to an action on the note which would not be insufficient, having for its basis a recovery against others for a tort; that the contract would still subsist against *Hawley*; that if *Hawley* had given no note, and the defendants below had been on trial, he clearly might have testified, yet, in that case, he might be deemed as testifying to procure a judgment to exonerate himself; that parties in a swindling transaction were constantly admitted as witnesses, and that even *participes criminis* often were witnesses to procure convictions for the hightest offences; and that, if there was any objection to the witness, it only went to his credit, and not to his competency.

BY THE COURT, SEYMOUR, *Ast.* dissenting,
The judgment was affirmed.