W. & A. Moore *vs.* Tracy.

An action *on the case* lies against a party who conspires with another, that
such other shall obtain goods on credit from a third person, and deliver the
same over to him; the *fraudulent* act of the party obtaining the goods being
deemed the act of the other.

The party obtaining the goods is a competent witness against the *particeps*
*fraudis.*

A judgment will not be reversed for *clerical errors,* or mere *matters of form :*
thus, where a *placitâ* of a record on the common pleas was of a *wrong term,*
manifestly by mistake, and where in a judgment on appeal by defend-
ants, costs of the *court below* were awarded to the plaintiff, the court judi-
cially knowing that there could be no such costs, refused for these causes
to reverse the judgment.

Where the defect in a record relates to *form,* the court will either disregard
it or suspend giving judgment until application can be regularly made for
an amendment.

Error from the Otsego common pleas. Tracy sued W.
& A. Moore before a justice of the peace, and declared against
them in an action *on the case,* charging them with having en-
tered into a *conspiracy* with one *John Van Valkenburgh,* a per-
son destitute of property, to the following effect: That Van
Valkenburgh should buy and obtain of the plaintiff, or of any
other person of whom he might obtain the same, various arti-
cles of goods and chattels, under the pretence of a fair and
*bona fide* purchase, but not intending to pay for the same;
and that the goods so obtained should be delivered into the
possession of the defendants; that Van Valkenburgh should
then declare himself insolvent, and by the aid and assistance
of the defendants, petition for and obtain a discharge under the
insolvent act, and thereby defeat the collection of the demand
of the plaintiff, or of any other person from whom goods might
be obtained; that in pursuance of such conspiracy, so fraudu-
lently and deceitfully entered into, Van Valkanburgh after-
wards to wit, on, &c. at, &c. under the pretence of a fair and
*bona fide* purchase, obtained from the plaintiff certain articles
of property, to wit, one bridle, one saddle, &c. &c. which were
delivered to the defendants, or one of them, and by them dis-
posed of to their own use, or fraudulently kept for Van Valken-

burgh, to be delivered to him after he should obtain his dis-
charge as aforesaid, to the damage of the plaintiff of $50.
The defendants pleaded the *general issue ;* the cause was tried
by a jury, who found a verdict for the plaintiff for $27 dama-
ges. The defendants appealed to the common pleas, and on
the trial in that court *Van Valkenburgh* was produced as a
witness on the part of the plaintiff; the defendants objected to
his competency, but the objection was overruled. He proved
the material averments in the declaration, the corrupt agree-
ment between him and the defendants, the purchase by him
of the goods of the plaintiff to the amount of $28, and that the
principle part of such goods, after undergoing a fraudulent
transfer, came to the possession of one of the defendants. He
also proved his application for a discharge as an insolvent
debtor, and that one of the defendants aided him in the same.
He also proved the fraudulent obtaining of property in like
manner from sundry other persons besides the plaintiff, and
his testimony was corroborated by the evidence of several wit-
nesses. The court charged the jury that Van Valkenburgh
was a competent witness, but being a *particeps fraudis*, his tes-
timony was to be received with great distrust and caution; and
his credibility was greatly affected, unless sustained by other
evidence, and whether he was so sustained it was for them to
determine; that if they came to the conclusion to believe his
testimony, the next question for them to determine was the
amount of damages ; that in assessing the damages, they were
not restricted to the value of the property obtained of the plain-
tiff, but had a right to give exemplary damages and smart
money ; that if they believed Van Valkenburgh, it was a case
of great aggravation, which required the defendants to be pun-
ished, and it was for them to say what damages the defend-
ants should pay, as an example to all others in the like case
offending, and as an atonement for the injury to the plaintiff,
and to an insulted and abused community. The jury found
a verdict for the plaintiff, with $80 damages and six cents
costs. The defendants excepted to the decision of the court,
admitting Van Valkenburgh as a witness, and to the charge
delivered to the jury, and sued out their writ of error.

On the argument of the writ of error, the defendants below insisted that the court of common pleas *erred* in the particulars presented by the bill of exceptions, and also that on the *face of the record* there was *error.* The *placita* in the common pleas is on the second Tuesday of February, of the February term, 1829. Then follows a *memorandum,* that on the second Tuesday of October, in this same term of October, came the defendants W. & A. Moore, and bring into court their *appeal,* and suggest that the justice to whom notice had been given of the appeal, had filed a *return* of the proceedings before him, which is set forth, shewing a judgment against the defendants, in favor of the plaintiff, for $27 damages, rendered 5th October, 1829. Next follows an award of *venire,* to the *first* Tuesday of February, 1830; the coming of the jury on that day, trial and verdict for the plaintiff, for $80 damages and $\frac{6}{100}$ costs, and then judgment is entered, that the plaintiff recover the damages by the jury assessed, and also $50,77, " for his costs and charges by him laid out and expended in and about his suit in this court, upon the said appeal, *and in the court below,* by the said court of common pleas, before the said judges thereof, now here adjudged of increase" to the plaintiff. The plaintiff below produced a *certificate* of the clerk of the common pleas, verified by affidavit that he made up the record, at the request of the plaintiff, that by *mistake,* he inserted the word *February,* instead of *October* in the *placita ;* and that the words in the judgment *and in the court below* were also inserted by mistake, and that no costs accrued in the justice's court were included in the sum of $50,77, taxed as costs in the common pleas. This certificate was read by consent, subject to all legal exceptions, and the defendants below insisted that it could not be regarded by this court in the decision of the writ of error.

*J. Seelye,* for plaintiffs in error. There is error on the face of the record. The *placita* of the record in the common pleas is of the *second* Tuesday of February, in the February term, 1829; the term is fixed by law to be holden on the *first,* and not the *second* Tuesday of February—besides, February, 1829, was eight months *previous* to October, 1829, when the judgment before the justice, which was carried up by appeal to the common pleas, was rendered. Again ; by the record it ap-

pears that the plaintiff recovered costs *accrued in the court be-
low;* this is palpably wrong, as on appealing, the defendants
must have paid all the costs then accrued, or their appeal
would have been a nullity. These errors are not cured by the
*certificate* of the clerk; it forms no part of the record, and
should have no influence in the decision of this case; nor can
the provision in the revised statutes, vol. 2, p. 601, § 60, which
will be relied on by the other side, save this judgment from
reversal; that provision can have no greater or other opera-
tion than the former provision on this subject had. 1 R. L.
121, § 9. This action is without precedent. The principle
of the case of *Pasley* v. *Freeman,* 3 T. R. 51, the leading case
on the extension of actions of this kind, has been greatly ques-
tioned, and although acted on by this court in *Ward* v. *Cen-
ter,* 3 Johns. R. 271, it was urged by a learned judge that it
should not be extended. The credit in this case was given to
Van Valkenburgh alone, and nothing was said or done by the
defendants to induce the plaintiff to part with his property.
Upon what principle of law, then, can the defendants be held
responsible to the plaintiff? Van Valkenburgh was improper-
ly admitted as a witness; the effect of his testimony was to
discharge himself from liability to the plaintiff, for if a recove-
ry was had against the defendants, followed up by satisfac-
tion, the plaintiff could not recover against him. 16 Johns. R.
89. Even the principle of admitting a *particeps fraudis* does
not apply, as the parties were not in *pari delicto.* The charge
to the jury is exceptionable; its effect was unduly to excite
them in the assessment of damages; considerations were pre-
sented to their minds, foreign to the question upon which they
were bound to pass.

*A. Stewart,* for the defendant in error. It is manifest from
the whole record, that the errors in the record are mere *matters
of form,* which the court may disregard. 2 R. S. 425, § 8, and
601, § 60. The judgment before the justice not being render-
ed until October, it was impossible that the appeal could have
been in the C. P. in the preceding February; so also as to the
*costs* in the court below, the court will not intend that when
there were none to be taxed, they were included in the tax-

NEW-YORK,
May, 1831.

Moore
v.
Tracy.

ation. Van Valkenburgh was a competent witness; a *co-trespasser* is competent. 7 Cowen, 348. 8 id. 62. 10 Johns. R. 21. 1 Wash. R. 187. 18 Johns R. 352. So also is a *particeps fraudis.* Phil. Ev. 31. Peake's Ev. 143, 157. 6 Johns. R. 135. Under the circumstances of the case, the charge to the jury was justifiable. It is no error that the jury gave a greater sum than was demanded in the court below. 19 Johns. R. 276.

*By the Court,* SUTHERLAND, J. I am inclined to to think the errors appearing on the face of the record may be disregarded by the court as clerical or matters of form, not affecting the right or justice of the case. The mistake in the *placita* is obviously of that description; it is the term of *February,* 1829, and states the court to have been held on the *second* Tuesday of that month, whereas it appears from the justice's return, which constitutes a part of the record, that the original process was not issued by him until the 2d October, 1829, and the memorandum shows that the cause was not brought into the common pleaa until the October term, 1829. The term in the placita, therefore, was obviously a clerical error; it should have been *October* instead of *February;* so also was the *day* on which the court is stated to have been held the the *second* instead of the *first* Tuesday of February. The terms are fixed by law, and the court will take judicial notice of them; they will intend a mistake in making up the record, rather than suppose that the court sat on a day on which they could not legally sit.

The error in awarding to the appellee *the costs in the justice's court,* as well as in the court of common pleas, is not so obviously a clerical mistake, although without any explanation there could be but little doubt that it was so; for the appeal could not have been brought into the court of common pleas, unless the costs of the appellee before the justice had first been paid, and the presumption would be very strong that the common pleas could not have given the appellee judgment for those very costs, which they judicially knew from the return of the justice had already been paid to him. The certificate of the clerk who made up the record accounts satisfactorily

for the mistake, and shows that the costs before the justice were never taxed or included in the judgment. This certificate, it is true, is by the stipulation of the parties subject to the same objections to which it would have been liable, if it had been offered to be read upon the argument of the case ; and strictly, I think it could not have been received.

It is provided by the statute, 2 R. S. 425, that no judgment shall be reversed on account of certain formal defects particularly enumerated, and among others, " for any informality in entering a judgment or making up the record thereof ; " and by a subsequent section it is enacted " that the omissions, imperfections, defects and variances, previously enumerated, and all others of the like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties or the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error. Where it is obviously and clearly a mere clerical error or omission, the court will disregard it without making a formal amendment. Where it is not a mistake of that description, probably a motion should be regularly made for the purpose, upon due notice, like any other non-enumerated motion. Regularly, therefore, the certificate of the clerk cannot be regarded ; but we certainly ought not, under such circumstances, to reverse the judgment ; we should, at all events, suspend the decision of the case until an application for the amendment could be made, and it seems hardly necessary to delay the decision of this cause for that purpose, when the explanation is before the court, though not in a strictly technical and formal manner.

Upon the merits also I am inclined to think the judgment ought to be affirmed. It is an action on the case to recover compensation for an injury inflicted upon the plaintiff, through a combination or conspiracy between the defendants and one Van Valkenburgh, to the following effect : Van Valkenburgh being destitute of property, it was agreed between him and the defendants that he should purchase upon credit from the plaintiff and others, various articles of goods and chattels, and deliver them over to the defendants ; that he then should be-

come insolvent, and with the aid of the defendants obtain the benefit of the insolvent act, and cheat the plaintiff and others out of their debts. The conspiracy was actually carried into effect, and the property of the plaintiff thus fraudulently purchased by Van Valkenburgh, was immediately, according to the agreement, delivered over to the defendants, or one of them, and has been by them disposed of to their own use. In *Pasley* v. *Freeman*, 3 T. R. 56, the broad and salutary principle was established that fraud, accompanied with damages, gave a good cause of action to the injured party, and that it was not necessary, in order to sustain the action, that the defendant should be benefitted by the deceit, or that he should collude with the person who was benefitted. 3 Bulst. 95. Cro. Jac. 386. Comyn's Dig. Action upon the Case, Deceit, A. 1. Vide *Ward* v. *Center*, 3 Johns. R. 271, where *Pasley* v. *Freeman* is adopted as good law ; and see also 6 Johns. R. 181, and 8 id. 23. *Pasley* v. *Freeman*, and the other cases, it is true, were cases of a false affirmation, made by the defendants to the plaintiff with intent to defraud, whereby the plaintiff was induced to sell his goods to an irresponsible person, and although the defendant derived no benefit from the fraud himself, the action was sustained. In the case at bar the defendants reaped all the fruits of the fraud, but had no personal communication with the plaintiff. The declaration does not charge them with doing any act to induce the plaintiff to sell his goods to Van Valkenburgh, but Van Valkenburgh must be considered their *agent*, and his false and fraudulent representations (that he intended and would pay for the goods, when it had previously been determined between him and the defendants, that he should immediately put them into the hands of the defendants, and take the benefit of the insolvent act) must be considered the *acts* and *declarations* of the *defendants* themselves.

Van Valkenburgh was a competent witness. The recovery in this suit would be no protection to him in an action brought either for the value of the goods or for the fraud. Perhaps a recovery and *satisfaction* in this suit might be a defence to a subsequent suit brought against him, but the satisfaction is contingent, and prevents his interest from being fixed and certain ; it is analogous to the case of joint trespassers sepa-

NEW-YORK, May, 1831.

rately sued, where each may be a witness in the action against the other ; so an accomplice or a *particeps fraudis* is a competent witness, either to prove or disprove the fraud. In all these cases the testimony of such a witness should be listened to with great suspicion, but it is competent evidence, partly from the necessity of the case, and partly because he has no certain interest in the event of the suit. 1 Phil. Ev. 31, 2, 3, 4, 5. 1 Wash. Virg. R. 187. 6 Johns. R. 135. 11 Mass. R. 498. 3 id. 559. 1 Day, 22. 3 Johns. Cas. 82. 10 Johns. R. 22. 1 id. 290. 16 id. 89. 7 Cowen, 346. 8 id. 60. The jury in this case were cautioned by the court to receive the testimony of the witness with great distrust, except so far as he was corroborated by other testimony ; to a considerable extent he was so corroborated, and I think the evidence warranted the verdict.

The charge of the judge on the subject of damages was strong, and perhaps stronger than strictly it ought to have been, in some of the general expressions in which he indulged ; but the error, if any, was not of such a character, and has not produced effects which make it incumbent upon us to reverse the judgment on that ground.

Judgment affirmed.