Young *vs.* Hall.

HARVARD LAW SCHOOL LIBRARY

No. 8.—WILLIAM M. YOUNG, plaintiff in error, *vs.* JONATHAN HALL, defendant in error.

[1.] A. brought an action on the case, for a deceit against B. for falsely and fraudulently misrepresenting the character and credit of C. *Held*, that the evidence of C. was receivable to show the truth of the affirmations made by B., or the ignorance of B. of the contrary.

[2.] Declarations made by B. to C. at the time the letter of credit was written, that he intended to give a letter of *introduction* merely, are not receivable, unless made in the presence of the plaintiff, or communicated to him.

[3.] An action on the case for a false representation lies against one who gives a recommendation of character and credit to another, on the strength of which he obtains goods on credit, it being shown that the statements were false, and that the defendant knew them to be so.

[4.] It is not necessary to show that the object of the false representation was to defraud the plaintiff in particular; if it was to give a false credit, the action is well-brought by any one who happens to be injured by it.

[5.] Neither is it essential that the person making the false affirmation is to derive benefit from the fraud.

[6.] The representation should be communicated to the plaintiff, but it is not necessary that it be the sole cause of the credit being given, provided, that without it, the credit would not have been given.

[7.] A party cannot stultify himself, by alleging his want of capacity to under-stand the nature or legal import of a recommendation of credit, which he has given to another.

Deceit, in the Superior Court of Thomas county, tried before His Honor, Judge Scarborough.

The facts in this cause are fully given in the opinion of the Court.

Henry and Ward, for plaintiff in error, cited and commented upon the following authorities:

On 1st exception, as to the competency of the witness. 1 *Greenl. Ev.* §§386, 7, 390, 4, 401, 2. *Jones vs. Brooke,* 4 *Taunt.* 463. *Bailey vs. Lumpkin,* 1 *Kelly,* 402. *Vason, Ex'r vs. The Merchant's Bk.* 2 *Kelly,* 142.

2d. As to the admissibility of the conversation between Brooke and the defendant.

3 *Stark. Ev.* 1001, 2, 5, 8.   1 *Greenl.* §§277, 9, 88.   *Norris's Peake, Ev.* 168, 9.   47 *E. C. L. Rep.* 93.   *Prosser vs. Guillam, Ibid,* 94.   *Ibid,* 121.

On the remaining grounds:

*Paisley vs. Freeman,* 2 *Smith's Lead. Cas.* 101, *and notes.   Eyre vs. Dunford,* 1 *East,* 318.   *Hamar vs. Alexander,* 5 *B. and P.* 240.   *Russel vs. Clark,* 7 *Cranch's R.* 92.   *Upton vs. Vail,* 6 *John.* 181.   *Allen vs. Addington,* 7 *Wend.* 10.   *Green vs. Bryant,* 2 *Kelly,* 66.   2 *Kent,* 489.   6 *Bing.* 396.   7 *Ib.* 105.   8 *Ib.* 433.   3 *B. and Ad.* 114.   17 *Mass.* 182.   1 *Wheat. Sel.* 660, 663.   6 *Cow.* 350.   2 *Wend.* 385.   14 *Ib.* 126.

Wm. S. Rockwell, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

Isaac P. Brooks, at that time a resident of Albany, Baker county, on the eighth day of November, eighteen hundred and forty-four, applied for and obtained from Jonathan Hall of the same place, a letter of credit, addressed to Messrs. S. Holcomb & Co., of Savannah, in the following terms, to wit : " Gents. Permit me to introduce to your acquaintance Col Isaac P. Brooks of this

Young *vs.* Hall.

place. Col. Brooks visits your city for business purposes, and any negotiations he may propose, or engagements he may make, will be entitled to the fullest confidence. He is a gentleman of strict integrity and honor, and any favor rendered or facilities afforded him in the furtherance of his wishes, will be duly appreciated and thankfully acknowledged by your most obedient Servant," *(signed)* "Jonathan Hall." This letter was delivered to Thomas Holcomb, one of the late firm of T. Holcomb & Co., to whom it was addressed, some eight or ten days after its date, who, having discontinued business, took the letter to the plaintiff, William M. Young, and read it to him, and remarked, that he thought the bearer must be trust-worthy, or else Hall, who was a man of prudence and integrity, would not have thus recommended him. Young, relying upon these representations, furnished Brooks goods to the amount of $581 34, and took his promissory notes in settlement of the account. But Brooks proving to be utterly insolvent, and notoriously so at the time of this transaction, there being executions against him with a return by the sheriff on them of "*no property to be found*," William M. Young commenced an action of *Deceit* in the Superior Court of Thomas county, against Jonathan Hall, upon the false and fraudulent representations contained in his letter, respecting the character, conduct and credit of Brooks. In addition to the foregoing facts, the plaintiff proved, on the trial, that Brooks opened a store in Albany with the goods bought in Savannah, in the name of H. & W. H. Brooks, but shortly thereafter he removed the stock to another store, across the street, which had the name of "J. Hall" over the door. Witness further testified, that Jonathan Hall, the defendant, had usually controlled the store.

Isaac P. Brooks was offered and sworn in behalf of the defendant, the court having overruled the objection to his competency. He stated that the letter was written by him at the request of the defendant, who is an illiterate man, and defendant's name signed by his authority; that he read the letter to the defendant, who said to the witness, that he was willing to give him a letter of *introduction*, but none other; and who charged witness not to write anything, that would bind him. Plaintiff's counsel objected to the sayings of defendant to witness, unless heard by the plaintiff or communicated to him; but was overruled by the Court.

His Honor Judge Scarborough, before whom this cause was

tried, charged the jury, with his accustomed point and precision, "That there were several requisites to be shown by the plaintiff, in order to entitle him to recover. *First*, that they must be satisfied from the testimony, that the defendant made the representations contained in the copy letter, which had been adduced in evidence, falsely and fraudulently. *Secondly*, that defendant, at the time of making the representations, knew them to be false.— *Thirdly*, that the defendant in making the representations, either intended to benefit himself or to deceive or injure some other person. *Fourthly*, that the party suing must prove he acted upon the faith of such representations, having sold goods on account of them and thereby lost his debt. That all these facts must be alleged in the declaration, and proven to the satisfaction of the jury. That the very foundation of the action, was fraud and deceit in the defendant, and damage to the plaintiff. That fraud without damage, or damage without fraud, gives no cause of action, but when these two concur, the cause of action is complete." His Honor, the presiding Judge, further charged, "That in ascertaining the fraudulent character of the representations, the jury were authorized to enquire into the situation and character of Brooks at the time, the relationship and intimacy of Brooks and defendant, the capacity or incapacity of the defendant to understand the force and effect of the letter which he gave, and the whole circumstances as disclosed by the testimony under which it was obtained, and the intent with which he gave it."

And the jury finding for the defendant, the plaintiff by his counsel excepted to the instructions.

It appears then from the record, that three questions are submitted to this court; namely:

1st. The competency of Isaac P. Brooks, as a witness for Hall the defendant.

2d. The admissibility of the declarations of Hall to Brooks, at the time the letter of credit was written, as a part of the *res gestæ*.

3. The propriety of the instructions given to the jury.

[1.] To exclude a witness on the ground of interest, he must be interested in the event of the suit; the verdict must establish something in his favor or against him; and it is not sufficient that he is interested in the question merely. If there be a recovery against Hall, it must be upon the fact of the fraud which he has

enabled Brooks to perpetrate. It does not occur to the court upon what principle Brooks will be liable over to Hall, even for costs. In *Bucknam vs. Goddard*, 21 *Pick. Rep.* 70, it seems that the plaintiff sold goods to Aldrich & Co. on a credit. Aldrich & Co. immediately sold them again to the defendant; and the plaintiff brought replevin for them, on the ground that they had been obtained of him through the fraud of Aldrich & Co. and the defendant. The Supreme Court of Massachusetts held that Aldrich & Co. were competent witnesses for Goddard, the defendant.

[2.] Upon the *second* ground, I would remark that the sayings of parties are often admitted in evidence, it is true, as constituting a part of the transaction which is the subject of inquiry ; the meaning of which seems to be, that where it is necessary in the course of a cause to inquire into the nature of a particular act, or the intention of the person who did the act; proof of what the person said at the time of doing it is admissible in evidence for the purpose of showing its true character. But this rule, we apprehend, does not apply to a case like the present. It is not denied but that the letter of credit is the act of the defendant, Brooks; his own witness testifies that it was written by his direction, and read to him. Admit that he did not comprehend its legal import, can his ignorance excuse him ? Surely not. Must the plaintiff suffer from his want of capacity to understand the terms of his own letter ? Or can his declarations, made to the witness at the time, and which it is not pretended were communicated to Young, vary the meaning of that letter ? To our mind, it is clear that they can not.

In *Murray vs. Bethune*, 1 *Wend. Rep.* 196, a much stronger case in favor of such admissions, Sutherland, J. in delivering the opinion of the Supreme court, remarks : " The mere understanding of *one* of the parties to the agreement, without such understanding having been communicated or assented to by the other party, could not be given in evidence ; it would be a most dangerous relaxation of the rules of evidence."

The general doctrine which controls this action, is laid down by the judge in his charge with perspicuity and force. It has been fully and ably reviewed by Mr. Wallace, one of the American editors of Smith's leading Cases, in a note to *Paisley and Freeeman*, 2 *d vol. p.* 101, where all the authorities, English and American, are collated.

[3.] And the result is, that an action on the case for a false representation, lies against one who gives a letter of recommendation of character and credit to an individual, on the strength of which he gets credit, it being shown that the representations were false, and that the defendant knew them to be so.

[4.] And it is not necessary to show that the object of the false representation was to defraud the plaintiff in particular; if it is to give a false credit, the action is well brought by any one who happens to be injured by it.

[5.] Neither is it essential that the person making the false affirmation is to be benefitted. *Haycraft vs. Creasy*, 2 *East*, 92. *Vernon vs. Keys*, 12 *East*, 638. *Paisley vs. Freeman*, 3 *T. R.* 51. *Foster vs. Charles*, 6 *Bingh.* 396. *Corbit vs. Brown*, 8 *Ib.* 433. *Polhill vs. Walker*, 3 *B. and Ad.* 122. *Langridge vs. Levy*, 2 *Meb. and Weesb.* 519. *Russell vs. Clarke's Ex'rs and others*, 7 *Cranch*, 69. *Upton vs. Vail*, 7 *Johns.* 181. *Young and Otis vs. Covell*, 8 *Ib.* 23. *Allen vs. Addington*, 7 *Wend.* 10, *reviewed in the Court of Errors*, 11 *Ib.* 375. *Gallager and Mason vs. Bund*, 6 *Cowen*, 346. *Patten vs. Gurney*, 17 *Mass.* 182. *Tryon and others vs. Whitmarsh*, 1 *Metcalf*, 1. *Lobdell vs. Baker*, *Ib.* 193. 3 *Ib.* 469. *Wise vs. Wilcox*, 1 *Day*, 22. *Hart vs. Talmadge*, 2 *Ib.* 381. *Ewings vs. Calhoun*, 7 *Vermont*, 79. *Weeks vs. Burton*, *Ib.* 67. *Lord vs. Colley and others*, 6 *New Hampshire*, 99.

[6.] The only point on which we differ from the court below, is as to the right of the jury to inquire into the capability of the defendant to understand the nature or legal import of the letter which he gave to Brooks. Under the facts and circumstances of this case, he must be judged by the communication itself.

[7.] And if the representations there made of the character and credit of Brooks were false and unfounded, and he knew them to be so at the time, and the plaintiff trusting to them, in whole or *in part*, has been induced to give the credit which has resulted in the loss of his goods, his ground of action is complete.

On this account, therefore, as well as the receiving in evidence the sayings of Hall to Brooks, the judgment below must be reversed, and a new trial awarded.