By the Court. Duer, J.
We think, that the certificate of the notary was properly admitted in evidence, and that, were it excluded, there is still sufficient evidence to entitle the plaintiff, in the first instance, to recover.
It was admitted, upon the argument, that 'the certificate was properly authenticated, according to the laws of Pennsylvania, and we strongly incline to the opinion, that, upon such a question, the law of the state in which payment of the bill is demanded, and the instrument of protest is executed, ought to govern our decision. (Story on Conflict, &c. § 360—on Bills, § 139, § 176; Chitty on Bills, pp. 193-506.) But, supposing this view to be erroneous, we are clearly of opinion, that an actual seal—not mere words or lines, in writing—stamped upon paper, of sufficient tenacity to receive and retain the impression, must be deemed a seal, in the technical sense, and within the strict definition, of the common law; and we are glad to find that the Supreme Court of this district made the same *466 decision, in the case of Curtis v. Leavitt, where bonds of the North American Trust Company were held to be sealed instruments, although bearing upon their face no other seal than an impression, stamped upon the paper alone. (17 Barb. S. C. R. 318.)
The other objections, that were taken, to the admission of the certificate, were also groundless.
When the certificate of protest is properly authenticated, by the seal of the notary, no proof of his signature, or of his authority to act, is necessary, nor, as we believe, has ever been required. (Holliday v. McDougall, 2 Wend. 84; Cape Fear Bank v. Stinemitz, 1 Hill, 44; Nichols v. Webb, 8 Wheat. 381; 2 Green on Ev. p. 153.)
Nor can we say that the certificate is insufficient, on its face, as not showing that the notary had the bill in his possession when he went to demand its payment. When payment is, in fact, demanded, the protest must, undoubtedly, state that the bill was exhibited, when the demand was made; but, when it appears, from the protest, that the accepter was absent, from the place where the demand was properly to be made, and had left no person there, of whom. the demand could be made, it is sufficient to state that the notary went there, for the purpose of demanding payment; and, in these cases, such, we understand, is the usual form of the protest. The law will intend that he meant to make the demand in the proper form, by the exhibition of the bill, and, consequently, that the bill was then in his hands for that purpose. The cases to which we were referred of Mason v. Luke, (4 How. 262,) and the Bank of Vergennes v. Cameron, (7 Barb. 163,) are inapplicable, since, in each, there was an actual demand of payment, and the question was, whether it sufficiently appeared, upon the face of the protest, that the bill was exhibited when the demand was made.
But, while we are of opinion that the certificate, in its actual form, was sufficient evidence of a demand and refusal of payment, we are not to be understood as saying, that it was sufficient proof that due notice of the dishonor of the bill was given to the drawer, the defendant; but as this objection was not raised, either on the trial, or on the argument before us, we must regard it as waived. We have certainly no right to make it now a ground of decision.
But, as I have before intimated, had the defendant in this case relied solely on the insufficiency of the proof on the part of the plaintiff, we must still have held that the proof was sufficient to *467 warrant a recovery, even had no evidence whatever been given that payment of the bill had been demanded and refused, and notice of its dishonor been given to the defendant.
The bill, it is not only admitted, but insisted by the counsel for the defendant, was accepted for the sole accommodation of the defendant, who had no funds, nor expectation of funds in the hands of the drawer, either when it was drawn, or when it became due.
In such a case, the law is settled, that the drawer is not a surety, but the primary debtor, and is not discharged, either by the omission to demand acceptance or payment of the bill from the drawer, or to give him, the drawer, notice of its dishonor, when acceptance or payment is refused. He has no right to complain of an omission by which, in judgment of law, he could not have been prejudiced. (Chitty on bills, pp. 356, 362, 469, 490; Story on bills, §§ 278, 280, 327, 367, n. a., and the cases there cited.) The present case is even stronger than any of those to which Mr. Justice Story has referred, since it appears that the defendant himself stopped the payment of the bill, and therefore, knew that payment would not be made.
Hence, the only question that remains to be considered, is, j whether the proof on the part of the defendant was such as to ; cast upon the plaintiff the burden of proving that he gave value , for the bill when it was transferred to him. The presumption of ¡ law in all cases is, that the endorsee of a negotiable bill or note, j is a holder for value, and it is a mistake to suppose—although the f mistake is frequently made—that this presumption in favor of > the holder is repelled merely by proof that the bill or note, as be-I tween the immediate parties, was without consideration, and wasi made, accepted, or endorsed by one, for the sole accommodation of the other. When no other proof is given, we hold it to be certain, that the holder is not bound to prove a valuable consideration. (Charles v. Marsden, 1 Taunt. 224; Grant v. Ellicott, 7 Wend. 229; Com. Bank v. Norton, 1 Hill, 501; Harvey v. Towers, 4 En. L. &. Eq. R. 531; Berry v. Alderman, 24 id. 318.)
But the law is equally clear, that when it is proved that the ' bill or note, in respect to the defendant in the action, was fraudulently put into circulation or negotiated, the plaintiff is not entitled to recover without proof, that he parted with value when it *468 came into his hands. We do not say, that he is also bound to prove, that he received the paper without notice of the fraud affecting its title, for when he has proved that he parted with value, the burden of charging him with notice is cast upon the defendant. (Catlin v. Hanson, 1 Duer, 609.)
""it is upon the last question, whether the plaintiff, upon the whole evidence, was not bound to prove that he was a holder for value, that with some hesitation, we have come to a conclusion in favor of the defendant. We think, that upon the facts admitted on the trial, the question whether the bill was not fraudulently transferred by the agent of the defendant, Peet, to whom it was delivered, when the sum of $500 was paid, upon his promise that he would return it to the defendant, ought to have been submitted to the jury, and, consequently, that to repel this defence, it was incumbent upon the plaintiff, to prove that he was a holder for value. Upon this ground, there must be a new trial, costs to abide event.