Richard agt. Boller.

# NEW YORK COMMON PLEAS.

CHARLES B. RICHARD and EMANUEL BOAS, respondents, agt.
CONRAD BOLLER, appellant.

*Sufficiency of notice of protest.*

The design of a notarial seal printed in ink on a certificate of protest, is
not such a seal as will authorize the reading in evidence of the certifi-
cate of protest without further proof.

At common law the mere impression of an official seal upon paper was
not considered a sufficient seal. But the statutes of our state authorize
the impression of the seal to be made immediately upon the paper with-
out the intervention of any wafer, wax, or other similar substance.

A mere promise to pay a draft, made after maturity, by a defendant, is
not sufficient to bind the defendant. The plaintiff in such case must go
further, and prove knowledge, on the part of the defendant, of the facts.

A failure to prove a demand or protest would be laches on the part of the
plaintiff, and a knowledge of such laches must be had by the defendant
at the time of making the promise in order that it should be binding.

*General Term, May,* 1876.

THIS action was brought to recover against the defendant
as an indorser of a foreign bill of exchange, drawn by Benno
Spyer, at New York, upon Mohr & Spyer, in Berlin, Ger-
many, and claimed to have been protested for non-accept-
ance, of which protest it was also claimed the defend-
ant had due notice. The protest was attempted to be
proved by a notarial certificate. Upon this certificate was
imprinted in blue ink, directly on the paper of the cer-
tificate, a design or stamp of a notarial seal, but the
design of such seal was not impressed on the paper nor upon
any adhesive substance attached to the paper. The plaintiffs

Richard agt. Boller.

having received said draft and alleged certificate of protest from abroad, sent the same to the defendant, who promised to pay the draft. The plaintiffs having recovered judgment in the court below, the defendant has appealed to this court.

*Charles M. Hall*, of counsel for defendant, appellant.

*Edward Salomon*, of counsel for plaintiffs, respondents.

VAN BRUNT, *J.*— The first question to be considered upon this appeal is the sufficiency of the proof of the demand and protest of the draft, and this depends upon the question as to whether the design of the notarial seal printed on the certificate of protest is such a seal as would authorize the reading in evidence of the certificate of protest without further proof. It was not contended upon the argument of this appeal that the certificate of protest could be received in evidence unless sealed by the notary.

The whole course of legislation in this state shows that in the absence of statutory provisions, a mere impression upon paper was not considered as a sufficient seal. In 1815 the legislature enacted " that the impression of the seal of any court by stamp should be a sufficient sealing in all cases where sealing is required." In 1822 the legislature also provided " that it should be lawful for certain state officers to affix the proper seal by making an impression directly on the paper, which should be as valid as if made on a wafer or on wax."

In 1848 it further enacted " that in all cases where a seal of any court or of any public officer shall be authorized or required by law, the same may be affixed by making an impression directly on the paper as if made on a wafer or on wax;" but the legislature further says that the foregoing provision " shall not extend to private seals, which shall be made as heretofore on wafer, wax or some similar substance," and in the same year also enacted, that the seal of any corporation authorized or required by law " may be affixed by making an

impression directly upon the paper, which shall be as valid as if made on a wafer or on wax."

The clear import of these enactments is to authorize the impression of the seal immediately upon the paper, without the intervention of any wafer, wax or other similar substance. The impression of the seal can be made directly upon the paper only when the design of the seal is impressed upon the paper itself, and does not require any other substance to exhibit it. In the case now under consideration, the seal being merely an imprint of ink upon the surface of the paper, is neither an impression made directly upon the paper, as required by our statutes, nor is it an impression upon a wafer, wax or other similar substance, as required by the common law.

Various authorities have been cited by the counsel for the respective parties, but none of the cases seem to have any application to the question now under consideration, except the cases of *The Bank of Rochester* agt. *Gray* (2 *Hill*, 257), and *Ross* agt. *Bedell* (5 *Duer*, 462), and these cases sustain the view I have already suggested. It seems, therefore, that it was error to admit the certificate of protest, it not being under seal, and the judgment must be reversed, unless the defendant is bound by the promise which he made to pay after the maturity of the draft.

*Parsons on Notes and Bills* (*vol.* 1, *p.* 595) lays down the rule "that a promise to pay after maturity, with full knowledge of laches, is binding on the party promising, without further proof of demand, protest or notice;" and at page 601 he says, "a mere promise to pay is not sufficient. Plaintiff in such case must go further, and prove knowledge, on the part of the party promising, of the facts." The certificate of protest being excluded from consideration for want of a proper seal, there is no evidence in the case that the draft was ever presented for acceptance or protested for non-acceptance. In considering, therefore, the defendant's promise to pay, we must assume that the case is presented without

Richard agt. Boller.

any attempt to prove a demand or protest. A failure to make a demand would undoubtedly be laches upon the part of the plaintiffs, and a knowledge of such laches must be had by the defendant at the time of making the promise, in order that it should be binding. The evidence in this case shows, not only that the defendant had no knowledge of the failure of the plaintiffs to make a demand, but, on the contrary thereof, the promise was made at a time when he supposed that a proper demand and protest of the draft had been made, and that a proper notice thereof was being given to him. It is clear, therefore, that the defendant had not full knowledge of the facts at the time of making the promise, and the same is not binding upon him.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

ROBINSON, J., concurred.