HENRY T. PRATT, Appellant, v. MOSES WERTHEIMER, and Others, Respondents.

*Conspiracy to defraud — when, notwithstanding the recovery of a judgment on the contract, an action will lie to recover damages resulting from the fraud.*

The complaint alleged that the plaintiff was the assignee of a judgment recovered against two of the defendants, for goods sold and delivered to them by the judgment creditor, upon which judgment an execution had been issued and returned unsatisfied. That prior to the purchase of the said goods the defendants entered into a conspiracy to defraud the plaintiff's assignor, and to fraudulently obtain from him large quantities of goods and merchandise on credit, and before the expiration of the credit and before judgment could be obtained therefor, to make a pretended assignment giving fictitious preferences, and then to dispose of the property so as to put it beyond the reach of the plaintiff's assignor, and still to retain for themselves the custody and control of the property. It then alleged that all those fraudulent schemes and devices were carried into effect to the damage of the plaintiff's assignor, who had assigned the judgment together with any right of action he might have by reason of any fraud, collusion or conspiracy on the part of the defendants.
*Held,* that it was error to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. (Barnard, P. J., dissenting.)

Appeal from a judgment in favor of the defendants at the Suffolk county circuit, entered upon an order dismissing the complaint and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

In substance the complaint charges the defendants with having conspired to dispose of the property of Wertheimer & Hershfield, for the purpose of cheating and defrauding the creditors of the last two named defendants. The complaint is divided into a number of causes of action, each being substantially like the other.

The first cause of action alleges that the defendants Wertheimer & Hershfield were copartners in trade. That on September 20, 1883, Louis Blun (plaintiff's assignor) sold them goods. That Louis Blun obtained judgment against Wertheimer & Hershfield in July, 1884, for the price of the goods so purchased by them from him. That execution was issued under said judgment and returned wholly unsatisfied.

That previous to any of the times herein stated the defendants in this action formed and entered into a plan, or scheme, or conspiracy, to hinder, delay and defraud the said Louis Blun, and the plaintiff's other assignors mentioned herein, and other parties, the creditors of said Wertheimer & Hershfield, and also fraudulently to obtain from said Louis Blun, and the plaintiff's other assignors, and other parties, large amounts of goods and merchandise, on credit, and before the expiration of said credit and before the said Louis Blun, or any of the others of plaintiff's assignors, or any other parties could obtain judgments for the prices of the goods so sold, said Wertheimer & Hershfield were to make a pretended assignment, giving fictitious preferences, and then to dispose of the goods and merchandise so to be obtained from said Louis Blun, and plaintiff's other assignors, and other parties, so as to put them beyond the reach of said Louis Blun, and plaintiff's other assignors, and other parties, and still retain the control and custody of the same themselves, free from interference by said Louis Blun, or any of plaintiff's other assignors, or other creditors of said Moses Wertheimer and Henry Henry Hershfield.

The complaint then alleges facts showing that the said con spiracy had been carried out by the defendants, and that by reason of the premises, and of the said wrongful acts of the defendants, and their wicked and malicious conspiracy as aforesaid, the said Louis Blun has been damaged in the said sum of $245.46.

That on or about the 20th day of October, 1884, said Louis Blun, by an instrument in writing, duly assigned, transferred and set over unto the plaintiff, Henry T. Platt, the said judgment, together with any right of action he might have had against said Wertheimer & Hershfield, or any other party or parties, by reason of any fraud in contracting the debt on which said judgment was obtained, or fraud, collusion or conspiracy in disposing of the goods, the purchase-

price of which is the consideration of said judgment, or any other goods, or for any other cause or causes, and also all debts, dues, demands and causes of action of whatsoever nature or kind, which said Louis Blun may have had or had against said Wertheimer & Hershfield, or against Fanny J. Wertheimer, William R. Rose and Joel B. Goodman, or against any or all of said parties Other causes of action for similar frauds committed on other persons, who had assigned them to the plaintiff, were then set out.

*Thomas J. Ritch*, for the appellant.

*Gibson Putzel*, *D. L. Walter* and *Eustace Conway*, for the respondents.

DYKMAN, J. :

This is a civil action for damages resulting to the assignors of the plaintiff from a fraudulent conspiracy to cheat and defraud them by the fraudulent purchase of their goods.

When the cause came to trial at the circuit the complaint was dismissed and judgment was directed for the defendants on the pleadings. That disposition of the case assumed the truth of all the allegations in the complaint, and we are to determine whether they set up a cause of action. It is declared in the complaint that the defendants formed and entered into a conspiracy to defraud the assignors of the plaintiff and fraudulently to obtain from them large quantities of goods and merchandise on credit, and before the expiration of the credit and before judgments could be obtained therefor, to make a pretended assignment, giving fictitious preferences, and then dispose of the property so as to put the same beyond the reach of the plaintiff's assignors and still retains the control and custody of the same themselves. Then follows appropriate allegations that all these fraudulent schemes and devices were carried into execution to the damage of the assignors of the plaintiff and that the cause of action has been assigned to him. So the complaint charges a combination to defraud the original parties, resulting in their actual damage and the civil action for a conspiracy was devised for such and similar cases. Without that remedy the silent partners in a scheme of fraud might reap the fruits of their evil devices and fraudulent schemes and escape without payment. The authorities

in our State concur to uphold such a complaint, and within them it contains a cause of action against the defendants. (*Moore* v. *Tracy*, 7 Wend., 229; *Place* v. *Minster*, 65 N. Y., 90.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurred.

BARNARD, P. J. (dissenting):

When Blun, who sold the goods to Wertheimer & Hershfield, brought his action against them upon contract and recovered a judgment upon contract, he adopted the sale finally as against Wertheimer & Hershfield. He could before that rescind the sale for fraud and take the goods, or he could arrest, by order, for the fraud in the sale. As to these two defendants there is no case, even if there was a fraudulent intent not to pay for the goods. An assignment of the judgment to the plaintiff carried with it nothing but the judgment. The claims against Rose, Mrs. Wertheimer and J. B. Goodman for damages for a conspiracy with the other defendants to present fictitious debts, and thus get the property acquired by the Blun sale is not assignable either as incident to the judgment or independent of it. The judgment cannot be added to and by the introduction of new parties retried or reconsidered in any way.

The judgment should be affirmed, with costs.

Judgment reversed and new trial granted, costs to abide event.