(64 App. Div. 117.)

WERR v. KOHLES et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

BILLS AND NOTES—WAIVER OF PROTEST—EVIDENCE.
    Evidence that a month after a note became due an indorser paid the husband of the plaintiff, the holder, the interest on the note for one year, saying that it was money he owed the plaintiff, is insufficient to show a waiver of protest, and a continuance of his liability thereon, without proof of knowledge of the failure to protest.

    Adams, P. J., and Spring, J., dissenting.

Appeal from trial term, Syracuse county.

Action on a note by Dorothea Werr against Michael Kohles and one Zett. From a judgment reversing a judgment in favor of plaintiff as to the latter defendant, and affirming it as to the former, Michael Kohles appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Ernest I. Edgcomb, for appellant.
J. J. Kennelly, for respondent.

WILLIAMS, J. The judgments of the county court and of the municipal court should be reversed, with costs. The action, as tried, was upon a promissory note made by one M. F. Sherlock, for $400

and interest, dated May 27, 1895, payable to the order of the defendants, Zett and Kohles, one year after date, and indorsed by the payees, and transferred to the plaintiff for value. The note was not protested at maturity, but the plaintiff claimed that the defendants, the indorsers, after the maturity of the note, waived such protest. The only question litigated on the trial was the waiver of protest, which was alleged by plaintiff and denied by the defendants. The jury rendered a verdict in favor of the plaintiff against both defendants. The county court reversed the judgment entered upon the verdict as to the defendant Zett, but affirmed it as to the defendant Kohles, and from that judgment of affirmance this appeal is taken.

The only question here is whether there was sufficient evidence in the case to sustain the finding of the jury that there was a waiver of protest. It was not claimed that there was any express, formal waiver, but that the appellant, considering his relations to the indebtedness for which the note was given, and his acts and statements made with reference to the debt and the note, indicated his intention to continue his liability as indorser upon the note. There was evidence from which the jury might find the following facts: (1) That plaintiff let the defendant have $400, and defendant, several days after, procured this note, and delivered to plaintiff. (2) In June, 1896, just after the maturity of the note, this defendant brought $24 to plaintiff, and gave it to her husband for her, saying that it was for the money that he owed plaintiff. There was no other indebtedness, and this sum was the interest for one year on the amount of the note. (3) After that, plaintiff kept asking this defendant for her money, and he kept telling her that she would get it before the maker died. Defendant said she ought to have her interest, and she would get it. (4) Plaintiff did not know the maker of the note.

It is well settled that a waiver of protest after maturity of a note, and failure to protest the same, may be established by showing a promise to pay the note, or by a part payment thereof, or any statements made by an indorser indicating an intention to regard the note as still an existing liability on his part, provided, however, that at the time of such promise, or payment, or statements the indorser had knowledge that there was a failure to protest the note at maturity. 2 Daniel, Neg. Inst. (2d Ed.) §§ 1147, 1149, 1152, 1158, 1163, 1165; Ross v. Hurd, 71 N. Y. 14, 27 Am. Rep. 1; Cady v. Bradshaw, 116 N. Y. 191, 22 N. E. 371, 5 L. R. A. 557. The only trouble as to the proof of waiver in this case is as to proof that the defendant, when he made the payment of $24 and the statement that the debt was his, had knowledge that the note had not been protested at maturity. Less than a month had elapsed since the note became due. He knew when it came due, and it might fairly be inferred that he knew it remained unpaid from the fact that he paid the interest upon the note; but there is no evidence, direct or circumstantial, that he knew there had been a failure to charge him by the ordinary steps constituting a protest of the note, whether payment had been demanded or refused, or whether notice had been

served by mail upon the indorser.  The demand and refusal would not necessarily be within his knowledge, and even the notice might be legally served, and not come to his knowledge.  It might miscarry in the mail, so as not to be received by him personally.  The proof of knowledge is necessary, and it must be made clearly to appear.  Trimble v. Thorne, 16 Johns. 152, 8 Am. Dec. 302; Richard v. Boller, 6 Daly, 460; Baer v. Leppert, 5 Hun, 453.  We are thus led to the conclusion that the evidence was not sufficient to support a finding by the jury that there was a waiver of protest, and, without such waiver being established, the defendant could not be held liable upon the note.  It will not do to say the verdict can be upheld upon some other theory or finding than that submitted to the jury or found by them.  There was a charge in the case in which the right to recover was made to depend solely upon a waiver of protest after maturity of the note.  That was the only question submitted to the jury, and it would be unfair, even if we had the power, to affirm the judgment based upon such verdict, upon some question not passed upon by the jury.

The judgments of the county court and of the municipal court should be reversed, with costs.  All concur, except ADAMS, P. J., and SPRING, J., who dissent.

SPRING, J. (dissenting).  Certain facts which may be regarded as established by the verdict of the jury in this case are clearly set forth in the prevailing opinion by Mr. Justice WILLIAMS, and I have no criticism to make upon the principles of law which he enunciates.  Waiving the question as to whether the debt was not primarily that of the defendant, as that proposition was not submitted to the jury, let us see if there was evidence warranting the jury in finding that the defendant, when he paid the $24, knew that the note had not been protested for nonpayment.  The plaintiff did not know Sherlock, the maker of the note.  The money was borrowed of her by the defendant.  It was paid to him, and he subsequently procured the note, and delivered it to her.  He had nothing further to do with it until after its maturity.  He then personally paid the interest, which was the only money ever paid to apply upon the note, and the jury have found that this payment was made with his money.  It was to pay a debt "that he owed Mrs. Werr," and concededly no other existed.  He had obtained the note, and delivered it to the plaintiff.  He paid one year's interest, and it was in June, while the note matured May 27th.  His connection with it, therefore, was sufficient to justify the conclusion that he must have known the note was overdue when he made this payment.  All the plaintiff's dealings relative to the note were with him, not with the maker.  She importuned him for pay repeatedly.  She never dunned Sherlock.  Whatever may have been the legal liability of the defendant to her, it is clear that she considered him the paymaster, the one to whom she was to look for payment.  His actions indicate that was his attitude also at the time he paid the interest.  These facts are too significant to warrant the assumption that, as matter of law, he did not know the

note had not been protested when he paid the interest. To start with, the presumption is against him. The principle is thus stated in Daniel, Neg. Inst. (3d Ed.) par. 1152:

"When it is conceded or proved that there were laches in respect to the demand, protest, or notice, the promise to pay after maturity should be regarded as prima facie evidence that the party making it knew of such laches, whenever such knowledge is deemed necessary to constitute a waiver. It is a promise against interest. The drawer or indorser should know when the instrument to which he was a party fell due. His promise to pay presupposes it to be overdue and unpaid. And if he has not received notice he has every reason to suppose that it was not sent, and that the steps which should precede it were not taken."

And the same author says (what is self-evident) "that part payment after maturity stands upon precisely the same footing as a promise to pay." Kent, in his Commentaries (volume 3, p. 113, 6th Ed.), after stating the general principle that an indorser with full knowledge that no demand or notice of nonpayment has been given may, by a subsequent promise to pay, waive the omission, adds:

"The weight of authority is that this knowledge may be inferred as a fact from the promise, under the attending circumstances, without requiring clear and affirmative proof of the knowledge."

In Meyer v. Hibsher, 47 N. Y. 265, in discussing the subject of presumptions in a case of this kind, where no proof at all was offered, the court say, at page 273:

"Had there been no proof at all of the manner of presentment and demand, this promise of the appellant would be presumptive evidence of a legally formal demand and notice. * * * Proof of the promise without proof of the presentment and demand would have furnished to the jury ground for the presumption that there was due presentment and notice."

In Bank v. Lyman, 1 Blatchf. 297, Fed. Cas. No. 924, affirmed in 12 How. 225, 13 L. Ed. 965, the court said:

"It has been often held that part payment, a promise to pay, or an acknowledgment of the liability by the indorser, after the note became due, is prima facie evidence not only of notice, but of presentment."

The evidence in the case did not overcome this presumption. The facts upon which knowledge rests may not be susceptible of direct proof, and yet the circumstances may be adequate to show its existence. As was said in Cady v. Bradshaw, 116 N. Y. 188, 22 N. E. 371, 5 L. R. A. 557, at page 191, 116 N. Y., page 371, 22 N. E., and page 558, 5 L. R. A.:

"It is not necessary that the waiver should be direct and positive. It may result from implication and usage, or from any understanding between the parties which is of a character to satisfy the mind that a waiver is intended."

The fact of defendant's knowledge is to be established like any other cogent element essential to make up the plaintiff's case. The plaintiff was ignorant of the English language. She evidently relied upon the defendant, who had solicited this money from her, and indorsed the note which he had procured. He paid the interest, knowing the note had matured. This was a manifest recognition of liability, and, with the other facts, justified the jury in determining that he knew the note had been protested for nonpayment. The defendant did not testify that he never received notice of the

protest. While that may have been unnecessary, in view of the allegations of the complaint, yet it is a singular fact that the evidence nowhere shows that the note in fact had not been protested.

The judgment should be affirmed, with costs to the respondent.

ADAMS, P. J., concurs.