Chwse,
 
 Jufiice.
 

 Th? judgment' of the Circuit Court ought to be'affirmed, Here is the cafe, cf -a plain fraud. A- man fees up a claim, exhibits cc-louiable vouchers to fupport it, deceives theptiblic officer, obtains a certificate ■ that Ids claim is juft, and, finally, comforts.that certificate into transferable ftock. The 'rsnfiRion is rank from-Rye' beginning to the end;' and the jury have properly found not only the fraud-, but rhe valtle of the certificare obtained by it. The
 
 United'States,
 
 by adopting the preferí t mode of proceeding, have precluded themfelves frc-ra e-Vi-r disputing hereafter, the validity of the certificate;' and they vdi never, perhaps, be able to. indemnify themfelves, againft-the ¡ubfequent payments of in, ter eft, unk-fs
 
 Fenemore-
 
 reñíales icV/eñt, and. acceffible. to lega! pfocefs. But, furel'v, it ought never to have been a fubjeit
 
 cf
 
 argument in a court of juitioc, whether, on' ftating a 'n.anifeft fraud -piaitiftd upon . the public credit and traafury, the
 
 United States
 
 is entitled to recover an equivalent for the pecuniary injury, from the avowed deiinouent.
 

 Iredeoi,
 
 JuJlice.
 

 I am clearly of the fame opinion. Up- • on ftridt technical ruks, I had, at firft, feme doubts, whether the inconfiftency of tfiS- counts in the declaration would’ not lie fatal: bfit on the appearance of the rule entered into by con fen t, for the- very purpefe' of obviating objections on that ground, my mind was perfectly fatisfied. The only queftk>»iv therefore, that remains to be decided, Sums upon the right of-the
 
 *364
 

 United
 
 States, to affirm the original tranfaction; arid,-' .if they have that right, it follows,, inevitably, that they-ought to reco- ' ver from the Defendant an equivalent for the value of the certificate, which was furreptitioufly obtained. ' I have no difficulty in faying, that the right exifts; and that, the public in-tereft, involve ! in the credit of a public paper medium, required the exurcif;* of the right in a cafe of this kind. The circulation of the certificate ihould be unimpaired; but the Defendant ought, at leaft, to be made refponfible in his pune for the f-aud. The defence ⅛, inde.ed, an extraordinary or.e: it is an ateiv.pt to make the . very aR: of fraud, an inftru.v.ent, or ihield, of protc£fcion.„-But, 1 truíf, no man will ever be ableto-clefend tiii'.-felfin an
 
 American
 
 court of jufiice
 
 upon.
 
 the ground of his own turpitude As, therefore, every exception to form has been obviated by corifent, and as the fpecial. verdiit finds every material fait to juftify the judgment of the court below,. I think that judgment ought to be affirmed.
 

 Cushing,
 
 Jufiice.
 

 ■
 
 The caufe'is fufceptible of little doubt. The
 
 United States'Wá
 
 a right to affirm the original tranfadiion,
 

 ■ and to proceed, as they have done, for the recovery of the-value of the certificate and the intereib
 

 ’ Ri.swoit.Ti-r,'
 
 Chief Jufiike.
 

 Giving a reafonable effeét to the rule^-which the parties themfelve have entt red into, all ob-jeéfion, as to the form and inconfiftencies of the declaration, is obviated. Then, it is to be cbnfidered, that the
 
 United States
 
 had an op ion, either to affirm, or difaffinn,- the original coni raff; arid by the. prefent a£tion they have chofen to affirm it. The fpecial verdift fairly authorised the court below to give judgment for the value of the: certificate on the firft and. Second counts, and for the amount of the money received as interefl: on the third count. With refpeft, however, to the rDhtofdifaffirmance, 1 wilh to be' underiftood, _as limiting it to the continuance of the certificate in the hands of the original party for, if the certificate had pafled into, the hands of a
 
 bona fide
 
 purchafer, even a court of equity-would, 1 think,'refufe to invalidate it; and, I am fure, public policy would foibid the attempt. ' '
 

 Patep-son,
 
 Jifiice.
 

 .As I-joined in giving the judgment of the Circuit Court, 'it gives me pieafure to.be relieved from the neceffity of delivering any opinion on the prefent occafion. But, though I have no doubt on the cafe now to be decided, it appears to me to be another, and a great, queftiou, how far a bill in equity would reach all the points involved in the original tranfaclion.
 

 Judgment Affirmed.
 

 Brown