## Case No. 11,592.

### RAY v. LAW.

[1 Pet. C. C. 207.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

MALICIOUS PROSECUTION — HOLDING TO BAIL — PROBABLE CAUSE — EVIDENCE — PLEADING—VARIANCE.

1. In an action for a vexatious suit, and malicious holding to bail, the records of other actions brought by the same defendant against the plaintiff cannot be given in evidence.

2. Where the declaration states, that the sum demanded as bail, in a suit, was indorsed on the writ. no other evidence to establish the fact, that such sum was demanded as bail, can be given, than the exemplification of the record of the proceedings.

3. Demanding excessive bail, when the plaintiff has a good cause of action, or holding to bail where there is no cause of action, if done vexatiously, entitles the party injured to an action for a malicious prosecution. If bail be not demanded, no such action will lie.

[Cited in Closson v. Staples. 42 Vt. 213; Van Dresor v. King, 34 Pa. St. 201. Cited in brief in Mayer v. Walter, 64 Pa. St. 285.]

4. The failure of the plaintiff to recover. in a suit instituted by him, does not establish the fact, that the action was vexatious or unfounded.

[Cited in Brant v. Higgins, 10 Mo. 455; Pope v. Pollock, 46 Ohio, 369, 21 N. E. 356.]

5. Probable cause of action in a suit, upon the failure to recover in which, an action for a malicious prosecution is instituted, is a sufficient answer to such a suit.

This was an action [by James Ray against Thomas Law] for a malicious prosecution. The declaration stated, "that the defendant, maliciously, and without probable cause, brought an action against the plaintiff, in the circuit court of Maryland, upon a bill of exchange for three thousand dollars, and by an endorsement on the writ, to hold the plaintiff to bail for sixty thousand dollars, caused the plaintiff to be kept in confinement for want of bail, for a great length of time, and to be put to great expense, &c." The material facts in the case were as follows. The defendant, having sold to one Piercy a lot of ground in the city of Washington, to build a sugar house on, took a mortgage on the property, for securing the purchase money. He afterwards made sundry advances to Piercy, amounting, together with the purchase money, to the sum of seventeen thousand dollars. The plaintiff also made considerable advances to Piercy, for which he took a mortgage on the same property; but posterior in date to the mortgage to the defendant. The defendant filed a bill in the court of chancery of Maryland, to foreclose his mortgage; and a decree was made, for a sale

[1] [Reported by Richard Peters, Jr., Esq.]

of the property, to the highest bidder. In consequence of this decree, the plaintiff, in order to prevent a sacrifice of this property, and thus endanger his security, agreed to satisfy the claims of the defendant against Piercy; and an agreement in writing was accordingly entered into, which stipulated, that the plaintiff should draw bills of exchange, on a house at Bombay, in favour of the defendant, to the amount of seventeen thousand dollars; and that the defendant, at the sale of the mortgaged property, should bid for the same, to the amount of ten thousand seven hundred dollars; and in case he should become the purchaser, should hold the same, as a security for the payment of the bills; and in case the same were paid, should convey the property to the plaintiff; until the fate of the bills should be known, the property was to be leased by the defendant to the plaintiff, at the rent of one dollar per year. Previous to the sale, the plaintiff gave private instructions, unknown to the defendant, to one Morgan, to attend and to bid for the property, for his (the plaintiff's) account; and to overbid the defendant, until he (the defendant) should have bid fifty-nine thousand dollars, when he was to stop. The defendant attended the sale, and bid the sum he had stipulated to bid. One La Porte overbid him, and the property was struck off to Morgan, the last and highest bidder. The trustee, appointed by the court of chancery to conduct the sale, demanded of Morgan a bond and security, for payment of the purchase money at the periods stated in the decree; which being refused, he declared La Porte to be the purchaser. This arrangement was conformable with the terms of sale, declared at the time the property was set up; though different from the decree, and from the terms stated in the advertisement. The plaintiff then filed a bill in the court of chancery, against the defendant and La Porte, for a conveyance to himself. The bills on India, having been returned protested, the defendant brought an action against the plaintiff, upon one of them, for three thousand dollars. After many continuances, the plaintiff in that suit, who was defendant in this, was nonsuited.

The plaintiff offered in evidence the records of actions brought upon other bills, which had been protested. This was objected to.

BY THE COURT. The declaration in this case, being for a vexatious suit, and holding to bail, in one action only; the other records cannot be given in evidence for any purpose.

The marshal of the court, who executed the writ in the case, the record of which was read, stated that writs were delivered to him, at the suit of the defendant against the plaintiff, upon which he arrested the plaintiff, and committed him to jail, for want of bail; but he could not be positive, whether the writ referred to in the declaration was one of them. He was asked by the plaintiff's counsel, whether he was not directed by the defend-

ant, to demand bail to the amount of sixty thousand dollars. This was objected to.

BY THE COURT. Whether it is the practice in Maryland, to endorse on the writ the sum for which bail is to be demanded, or to fix the sum, by a written order to the officer, does not appear. The declaration however states, that the sum demanded was endorsed on the writ; and of course the plaintiff can resort to no other evidence, to establish this fact. No such endorsement appears upon the writ, which is set out in the exemplification of the record of that suit; and if this has arisen from an omission of the clerk, of the court, who furnished the record, it was in the power of the plaintiff to have had it corrected. The parole evidence now offered is inadmissible.

Mr. Chauncey and C. J. Ingersoll, for plaintiff.

J. R. Ingersoll, for defendant.

WASHINGTON, Circuit Justice. This is an action for what is called a malicious prosecution. The grounds of the action are, a vexatious suit, brought against the plaintiff, maliciously and without probable cause, and holding him to excessive bail. The law, in relation to actions of this nature, is not disputed in this case. Demanding excessive bail, although the plaintiff has a well founded cause of action, or holding to bail, when the plaintiff has no cause of action, if done for the purpose of vexation, entitles the party aggrieved, to an action for a malicious prosecution. If bail be not demanded, it is unimportant how futile and unfounded the action may be; as the plaintiff is punished by the payment of costs, and the defendant is not materially injured. Whether the suit was brought maliciously, and for the purpose of oppressing the defendant, is a conclusion to be drawn by the jury, from all the circumstances of the case. It does not follow, from the plaintiff's failure to recover in the action, that it was brought with a view to vex, and improperly to injure the defendant. The defect in his right, might not have been known to the plaintiff, or the right may have been questionable. In such or like cases, it cannot be truly said, that the action was maliciously brought, for the purposes of oppression. In this case there is no evidence of excessive bail having been demanded. It is even questionable whether any was demanded in the particular case, stated in the declaration. From the evidence of the marshal, the jury may feel themselves at liberty to infer it; and in case they should do so, the only remaining question will be, whether the action was brought, without any probable cause, or not? This will best appear from a view of the transactions which led to that action. The defendant having a mortgage upon the property sold to Piercy, prior to the one given to the plaintiff, and having obtained a decree for the sale of the property mortgaged, for the purpose of discharging the debt due to him, it was deemed important by the plaintiff, to prevent a sacrifice of the property, which a sale at auction, at that particular time, might have produced; and for this purpose, he proposed to discharge all the defendant's claims against Piercy, provided the defendant would accept of bills on India for the amount. This was agreed to, and with a view to secure the amount of those bills, in case they should not be paid, and in case they should be paid to vest the legal estate in the plaintiff, for securing his claims against Piercy, it was agreed, that the defendant should become the purchaser of the property at the sale, directed to be made by the decree of the chancellor; and to this end, the defendant bound himself to bid to the amount of 10,700 dollars, and upon becoming the purchaser, to rent the property to the plaintiff, for a trifling sum, till the fate of the bills should be known. Thus the defendant became the owner of these bills, for a full and valuable consideration; the plaintiff, for his own benefit, undertaking to redeem the first mortgage, and to pay off all the defendant's claims against Piercy. What then could have prevented the defendant from recovering upon those bills, they being returned protested, and he the payee of them, for a valuable consideration? The only reason assigned is, that the defendant had not performed his part of the agreement, by purchasing the mortgaged property; which stipulation it is contended, was the consideration for which the bills were drawn. Admit a breach of the agreement by the defendant to have been made, it may well be doubted, whether it could have been urged as a defence in that action; for although, by the agreement it was stipulated, that upon the purchase of the property being made by the defendant, the bills were to be drawn and delivered, yet they were voluntarily delivered to the defendant, before the sale took place, whereby the plaintiff dispensed with the performance of the precedent consideration. But be this as it may, there can be no doubt, but that the defendant was answerable in damages to the plaintiff, for a breach of his agreement, if indeed any was committed. Suppose then, that the plaintiff had brought such a suit, how would it have been met and repelled? By this unanswerable argument, that the plaintiff had prevented the performance, by deputing an agent to act for him, and to overbid the defendant, let him bid what he pleased, short of the enormous sum of 59,000 dollars. The defendant bound himself to bid, to the extent of 10,700 dollars. He did so, but Morgan, the plaintiff's agent, became the last bidder, and the property was knocked down to him. Thus, by his own act, he not only prevented the defendant from complying with his agreement, but he deprived him also of the security he had contemplated for himself, in case the bills should be protested; and he also secured for himself, all

that the agreement had intended, in case the bills should be paid. If the trustee chose to impose terms which he had no right to exact, and in consequence thereof to deprive, or attempt to deprive, the plaintiff of the benefit of the purchase, the defendant was certainly not answerable for it. It is therefore plain, that in an action by the plaintiff against the defendant, to recover damages for a breach of his contract, he must have failed; and if so, he clearly could not have made use of such alleged breach of contract, as a defence to the action on the bills.

Thus it is obvious, that the defendant had not only probable cause of action against the plaintiff, which would of itself be a sufficient answer to this action; but, that his action was in all respects well founded, and that he must have recovered a judgment, if the cause had been tried. It is clear then that the verdict in this case, should be for the defendant.

The plaintiff desired to be called. Nonsuit.