Collier v. Easton and Russell.

2  145
34a 557

COLLIER v. EASTON AND RUSSELL.

A judgment at law, obtained by fraud, may be set aside in Chancery.

APPEAL in Chancery from the Circuit Court of St. Louis county.

M'GIRK, C. J., delivered the opinion of the Court.

The bill sets forth that Easton sued one Prospect K. Robbins in the Lincoln Circuit Court in two suits. That Collier became the special bail of Robbins in one of them only. That Easton having recovered judgment against Robbins in both cases, (146) sued out executions, which were returned *nulla bona*, and body of defendant not found. That Easton afterwards commenced two actions of debt against Collier in St. Charles Circuit Court, alledging a recognizance and breach in both cases. That the first of said suits against Collier, he alledges is the only one in which he entered into a recognizance. Easton recovered judgment at St. Charles and made the money. That in the second suit so brought against Collier, the judgment and execution against Robbins were set forth, and also a recognizance of Collier as special bail, which he alledges he never entered into, and that there is not among the records of the Lincoln Circuit Court, any record of such recognizance. That he, Collier, and the Clerk of the Lincoln Circuit Court have examined the records, and can find no such recognizance; that to the last mentioned suit he, Collier, pleaded the plea *nul .tiel* record of the judgment, *nul tiel* record of the execution, and *nul tiel* record of the recognizance; that issues were made up and tried on these pleas in the St. Louis Circuit Court; that on the trial the plaintiff produced a transcript certified by the Clerk of the Lincoln Circuit Court, under the seal of the Court, upon which the Court found the issues for the plaintiffs. The complainant avers that the

recognizance set forth in the transcript is the same given by him in the other suit against Robbins; that the Clerk inserted the same by mistake, or that Easton made up the transcript out of parts of the two cases against Robbins. This bill prays a discovery from Easton as to the matters therein contained, prays for an injunction against the judgment at law, and general relief. To this bill there is a demurrer for want of equity. The Circuit Court sustained the demurrer and dismissed the bill; to reverse that decree the cause is brought to this Court.

The errors assigned are, that the decree should have been for the complainant, &c. I will consider the objections made by the counsel for Easton to the equity of the bill.

The first and chief one is, that by this bill Collier seeks to re-try the issue of the *nul tiel* record.

Second. That this matter having been once tried at law by a Court of competent jurisdiction, cannot be re-examined in Chancery, even supposing the Chancery Court had jurisdiction of the subject matter.

Third. Though it may be that a Court of Chancery would grant a new trial, to be had in a Court of Law, on a very extraordinary case of surprise, accident or mistake, yet as nothing of that kind is here shown, no relief ought to be granted.

(147) Fourth. No facts are alledged in the bill which were not in the knowledge of the complainants, at the time of the trial of the issue at law.

Many authorities are cited to show that where a defendant neglects to set up matter in his defence at law, he cannot afterwards make such matter the basis of a suit in equity, unless there was some accident or fraud of which the party could not avail himself at law : 4 *Johns. R.* 570; 2 *J. C. R.* 554; 3 *D.* 357.

The second case cited is the case of a surety who sought relief against the creditor. The principle laid down in the case is, that where a surety has been sued at law, and makes his defence, which is overruled as insufficient, he cannot afterwards on the same facts obtain relief in equity.

The third case, is a case which decides this principle, that after a trial at law the party cannot have the aid of a Court of Equity, unless he can impeach the justice of the verdict, by facts or grounds of which he could not avail himself, or was prevented doing it by fraud or accident, or the act of the opposite party, without any negligence on his part. The first case cited I do not recollect : I have not the book before me, but I think it contains nothing more than the general principles as stated above by Easton's counsel.

The foregoing doctrine is admitted by Collier's counsel. But it is insisted by him that in this case the facts that one recognizance was by mistake of the Clerk put in the transcript where none existed, or that Easton took parts of two records to make the one he gave in evidence against Collier were not tried at law, nor could they be tried under the plea of *nul tiel* record. I am of opinion that the complainant is entitled to the relief he asks.

In this case, the complainant could not, by the forms of law, have any other plea than he had, and he could not retract the certificate of the Clerk. But in Chancery it is otherwise. In Chancery, a judgment may be set aside for being obtained by fraud. It may be perpetually enjoined, because predicated on fraud, and if this fraud was set up as a defence in a Court of law, and adjudged against the party, then he would be concluded, but if the fraud could not be set up at law, then the party may set it up in Chancery as the basis of relief; this doctrine, I think, is sustained by the

cases cited by Easton's counsel, to a considerable extent; at all events, it is the doctrine of the books on the subject.    I have no doubt that Collier's case is within this principle.

(148) The decree is reversed with costs, and the cause is sent back to the Circuit Court for a new trial.