GEORGE PATTERSON, plaintiff in error, *vs.* F. PHINIZY & COMPANY, defendants in error.

1. The only legal discretion which the Superior Court has to set aside a verdict because it is contrary to the testimony, is in a case where the verdict is decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding.

2. In an action for a tort, the question of damages being one for the jury, the court should not interfere with the verdict, unless the damages are either so small or so excessive, as to justify the inference of gross mistake or undue bias.

New trial. Damages. Before Judge GIBSON. Richmond Superior Court. April Term, 1873.

For the facts of this case, see the decision.

McLAWS & GANAHL, for plaintiff in error.

. BARNES & CUMMING, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants, to recover damages for having an execution under a pretended lien levied on the plaintiff's property without authority of law. On the trial of the case the jury found a verdict in favor of the plaintiff for the sum of $3,345 00, with interest from 1st of January, 1868. A motion was made for a new trial on the several grounds alleged therein, which was granted by the court, unless the plaintiff would write off from the verdict all over the sum of $1,410 00, whereupon the plaintiff excepted.

1. The court granted the new trial on the terms stated, (as appears from the record,) because, from its views of the evidence, the verdict was wrong. The court has no discretion, under the law, to set aside the verdict of a jury, because it differs with them as to the credibility of the witnesses sworn on the trial, or as to the effect their testimony, in its opinion, should have upon the minds of the jury. When the court undertakes to do that it invades the exclusive province of the jury. The only legal discretion which the court has to set aside the verdict of a jury, on the ground that it is contrary to the evidence, is in cases where the verdict is decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding.

2. In this case the defendants were sued for a wrongful inju-

ry done to the plaintiff, and in such cases, the question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias: Code, 2947. From the evidence in the record before us there is nothing to justify the inference of gross mistake, or undue bias on the part of the jury in finding the verdict they did, but on the contrary the evidence, in our judgment, is decidedly in favor of the verdict, and the court erred in setting it aside as set forth in the record. The jury having found a specified amount in favor of the plaintiff for his damages, he was not entitled, under the law, to interest thereon as found by the jury. In view of the facts of this case, as disclosed by the record, we reverse the judgment of the court below granting the new trial, on condition that the plaintiff shall write off from the verdict the interest found by the jury from the 1st of January, 1868, up to the time of trial, and that being done the verdict to stand for the amount of damages found by the jury.

Let the judgment of the court below, granting the new trial, be reversed, with instructions as indicated in this opinion.