Boyd *vs.* Merriam.

---

ANDREW L. BOYD, plaintiff in error, *vs.* A. B. MERRIAM, defendant in error.

Land was sold by the sheriff, under three *fi. fas.*, two from a justice's court and one from the superior court, the purchaser put in possession, and the execution satisfied by the sale. The defendant in exetion brought suit for damages against the plaintiff in the *fi. fa.* issued

from the superior court, on the ground that his execution was illegal and void:

*Held,* that the action could be maintained, and that the court erred in granting a non-suit.

Trespass. Execution. Judicial sale. Before Judge Hop-KINS. Fulton Superior Court. March Term, 1874.

A report of this case is unnecessary.

M. A. BELL, for plaintiff in error.

THRASHER & THRASHER, for defendant.

TRIPPE, Judge.

It was not denied on the argument by defendant in error that his execution was illegal and void. Counsel for defendant rested his case on the ground that there were two other *fi. fas.* also levied on the same property at the same time, and as under them the sale was legal, he cannot be held liable for having his execution also levied. This position cannot be maintained. The fact that a valid and legal *fi. fa.* is levied on a defendant's property, and is proceeding to sell it, neither justifies or excuses the enforcement of a void process against that property. Were it so, it would operate as an outlawry, in one sense, of any man's estate, if there happened to be a good judgment against it which was being enforced. It seems that in this case the three executions were all levied, the property sold under the three, and that defendant's *fi. fa.* participated in the proceeds of the sale; and under that sale the purchaser was put in possession. Because a man may be lawfully stricken down, it is no excuse for a third person to deal him another *unlawful* blow. As to whether an illegal levy upon land is a trespass, see *McDougald vs. Dougherty,* 12 *Georgia,* 613, approved in *Wallace et al. vs. Holly,* 13 *Ibid.,* 392. If the levy itself did not constitute a trespass, the sale and delivery of possession by the sheriff to the purchaser would complete it. We think the court erred in dismissing plaintiff's action.

Judgment reversed.