JUCHTER *vs.* BOEHM, BENDHEIM & COMPANY.

1. If a mortgage creditor contracts with his debtor not to enforce his mortgage within a given time, but subsequently does so, and levies on the property of the debtor, the latter has a right to sue for the actual injury occasioned him thereby, without alleging malice or want of probable cause.

2. A right of action exists in all cases of malicious abuse of legal process, or its use without probable cause. In such cases punitive damages may be added to the actual damage sustained.

3. If a creditor who has contracted not to enforce his claim within a

stated time nevertheless does so, and causes the property of the debtor to be seized and held under process based on such enforcement, he may be sued by the debtor for the damages resulting from such seizure and detention of his property.

(*a*.) Although one may have the right to enter on the land of another for a lawful purpose, yet if he exceed his authority, he is liable for consequential damages arising therefrom in an action of trespass *quare clausum fregit*.

4. The evidence in this case made a *prima facie* case, and should have been submitted to the jury.

5. In an action for damages for the wrongful seizure and sale under color of legal proceedings of a tradesman's stock, while profits which he was making may not be recovered as such, yet their amount may be proved and considered by the jury as a fact in estimating the magnitude of the injury done.

6. Generally counsel fees do not form a part of the damages recoverable in actions for tort, but if the defendant has acted in bad faith or been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, they may be allowed by the jury, and may be proved for that purpose.

Damages. Actions. Levy and Sale. Contracts. Before Judge FLEMING. Chatham Superior Court. December Term, 1880.

Reported in the decision.

R. R. RICHARDS, for plaintiff in error.

TOMPKINS & DENMARK; CHISHOLM & IRWIN; J. J. ABRAMS, for defendants.

CRAWFORD, Justice.

On the 21st day of February, 1877, Henry Juchter gave to Boehm, Bendheim & Co. four promissory notes for $250.00 each, due at three, six, nine and twelve months, secured by mortgage on his stock of goods. A paper bearing date February 23d, 1877, was signed by Boehm, Bendheim & Co., stating that if Juchter could

not meet his first note they would renew it for a year, provided the other three notes were met at maturity.

On the 19th day of January, 1878, Boehm, Bendheim & Co., foreclosed their mortgage for the first note, which, as alleged, was over-due, and for the last, which was to become due, with a prayer that enough of the surplus proceeds be preserved for the payment of the latter when due; and upon said foreclosure a *fi. fa.* was issued and a levy made upon the goods mortgaged, on the 23d day of January, 1878.

To this *fi. fa.* Juchter filed two affidavits, one of illegality, the other alleging that from his poverty he was unable to give security to replevy the property. The affidavit of illegality was returned to the proper court, and the other was the basis of a petition by plaintiffs in *fi. fa.* to the judge for an order to sell the property, which was granted, and upon giving ten days' notice it was sold.

On the same day of the levy of the mortgage *fi. fa.,* Boehm, Bendheim & Co. sued out an attachment against Juchter for the sum of $67.10, due by open account, upon the ground that he was about to remove beyond the limits of Chatham county. Upon a levy being made, Juchter filed an affidavit traversing the ground upon which the attachment was issued, and when the same was heard by the court, it was sustained, and the attachment was dismissed.

Upon the trial of the issues formed by the affidavit of illegality to the foreclosure of the mortgage, verdict and judgment were rendered in favor of Juchter, and upon appeal, affirmed by this court.

These cases being thus disposed of, Juchter brought this suit against Boehm, Bendheim & Co. for the damages sustained by reason of the matters aforesaid. He sets forth the grievances complained of in five different counts.

The first is for the damages sustained by reason of the wrongful foreclosure of the mortgage before the debt was due.

The second is for the same cause of action, alleging malice and want of probable cause.

The third is for suing out the attachment with malice and without probable cause.

The fourth for the levy of the common law execution, founded on the attachment suit, alleging malice and want of probable cause.

The fifth for breaking and entering plaintiff's close without lawful warrant or authority, when the mortgage *fi. fa.* was levied January 19th, 1878.

To this suit the defendants filed the plea of not guilty. Upon the issues thus made the parties proceeded to trial, and after the evidence for the plaintiff had been submitted, counsel for defendants moved a non-suit, which, after argument had, was granted by the court, and the plaintiff excepted.

During the progress of the trial two other exceptions were taken to the ruling of the court, which are also made by this record and demand our consideration :

(1.) Counsel for the plaintiff offered to prove the value of the good will of the business carried on when he was closed up, by showing the value of the plaintiff's stock in trade, with the stand and good will to any purchaser thereof, which the court refused, and the plaintiff excepted.

(2.) He further offered to prove the attorney's fees paid by him, or incurred by him and stated in his declaration, which the court also refused, and plaintiff again excepted.

Whether the non-suit was properly granted, depends upon the plaintiff's right to recover under the several counts in his declaration, when considered in connection with the evidence, provided the jury should have believed it to have been true.

It is insisted by counsel for plaintiff in error that he has a good cause of action in each count of the declaration, and that if the evidence support either, then the non-suit was error.

On the other hand, it is insisted that the entire case is founded upon the alleged wrongful use of legal process, and that no recovery can be had in such cases, without proof of malice and want of probable cause, both concurring.

1. This brings us to consider whether the first count, which contains no allegation of malice or want of probable cause, alleging damage only from the wrongful foreclosure of the mortgage before the debt was due, gives, if true, the plaintiff a right of action.

It will be seen, upon an examination, that the authorities recognize a distinction between cases brought to recover damages for the malicious abuse, or use of legal process without probable cause, and the mere abuse of legal process constituting the party simply a trespasser by such illegal use. In the latter, the gravamen of the action is the fraud, the abuse; in the former, the malice and the want of probable cause. 1 Am. Leading Cases, 5th ed., m. p. 224, and authorities cited; 76 N. Y. R., 259; Dicey on Parties to Actions, m. p. 24; Chitty on Pl., vol. 1, 128; 11 Wend., 301.

If a plaintiff in *fi. fa.* contracts with the defendant not to enforce his judgment within a given time, and he levies it, the defendant has his action for trespass, and neither malice nor want of probable cause enter into the right of the defendant in *fi. fa.* to entitle him to recover. 4 *Ga.*, 185. In the case of *Patterson vs. Phinizy & Co.*, 51 *Ga.*, 33, the defendants were sued for the wrongful injury done to the plaintiff for having levied an execution on his property without authority of law, and the action was sustained, though no malice or probable cause was alleged.

The same principle was recognized in 53 *Ga.*, 561, and in 60 *Ib.*, 519.

2. That the right exists to sue in all cases of the malicious abuse, or use of legal process without probable cause, is universally recognized, and needs no citation of authority. The right to recover damages exists equally

in both classes of cases; but vindictive or punitive damages are only allowed where the act of the defendant was influenced by malicious motives and without probable cause.

The second, third and fourth counts of the plaintiff are based upon the malice of the defendants and the want of probable cause.

3. The fifth is for the breaking and entering upon the close of the plaintiff and unlawfully holding the possession thereof against the will and consent of the plaintiff for the space of ten days. It is insisted by the defendants that having been entered under legal process, it gave no right of action, except it was done maliciously and without probable cause. And if that be not so, then the evidence shows it to be in trespass and not in case.

The same legal rules we hold applicable to this as to the first count; and as to the second objection, it does not appear to us to be well taken. For although one may have a right to enter upon the land of another for a lawful purpose, yet if he exceed his authority, he is liable for consequential damages arising therefrom in an action of trespass *quare clausum fregit.* Moak's Underhill on Torts, p. 160; 36 Penn. St. R., 313; 13 Maine, 115; 20 Ala., 412.

4. The counts in plaintiff's declaration being such as to entitle him to a recovery if supported by proof, it becomes necessary to consider next whether there was sufficient evidence to have carried the case to the jury, a *prima facie* case being all that was necessary.

The following evidence was submitted: The record of the entire proceedings in the case of the foreclosure of the mortgage, from the affidavit by Boehm to the judgment of affirmance by this court as entered on the minutes of the court below; an inventory of the goods on hand at the time of the levy, with their value amounting to some $1,250.00, together with the sum for which they they sold, $250.00; the entire business situation of the plaintiff, including a ten years' lease on the store-house;

v 67—35

an angry interview between Boehm, one of the firm of the defendants, with the plaintiff and his brother on the day upon which the mortgage was foreclosed, and ending with a threat that he would make the plaintiff regret before night that he had not complied with his wishes; testimony showing an agreement to give time on the first note upon which the mortgage was made to a period beyond the time when the same was foreclosed; the proceedings under the attachment, the common law judgment, with the levy and possession of plaintiff's store and furniture, and the length of time they were held.

While it is not pretended that the foregoing covers any great part of the testimony, yet without reference more particularly thereto, we think that the judge should have submitted the case to the jury. The more especially so, as questions of malice and probable cause are always questions for the jury under the direction of the court.

5. Another question made by this record is as to the refusal of the judge to allow plaintiffs to prove the value of the good-will of the business, either directly or by showing the value of the stock in trade with the stand, etc. Damage to businesss, and loss of profits which a tradesman was making when his entire stock was seized, may be proved and considered in estimating the damages which he has sustained, if it appear that they were illegally seized. "Although the profits, as such, would not be recoverable, yet their amount, as a fact, may be considered in estimating the magnitude of the alleged outrage by defendant." 56 *Ga.*, 188.

6. Upon the right to introduce proof of counsel fees as being a part of the expenses of the litigation, that they may be considered as reasonable ground for increasing the damages, our Code, §2942, lays down the rule that they are not generally allowed, but if the defendant has acted in bad faith, or been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, then the jury may allow them.

Judgment reversed.