Speak, J.
Will the prosecution of a suit in forcible entry .and detainer, which results in a verdict for the defendant, where the same is prosecuted maliciously, and without probbable cause, afford ground for an action in the nature of a suit for malicious prosecution ? — is the question in- this case.
The more common causes for actions for malicious prosecution are groundless and malicious prosecutions of criminal ■charges. But that actions of this kind can be maintained where there has been an unjustifiable and malicious seizure of the property of the complaining party, as well as of the person, there is no question. Whether or not such an action may be maintained where there has been no deprivation of liberty, or of the possession, use, or enjoyment of property, has been the subject of much discussion, and of contrary holdings.
It appears that in England, by the common law, prior to the statute of Marlbridge, 52d Henry III. (1259), actions of this character were allowed, but since the passage of that stat *369 ute, which gave the successful defendant judgment for costs .against the plaintiff, the right to maintain such actions has been uniformly denied, it being held that if one prosecutes an ordinary civil action against- another maliciously, and without reasonable or probable cause, an action for the resulting damage is not maintainable. So, too, in this country, many decisions of like tenor have been made. The courts have said that courts of law are open to every citizen, and that the costs which the defendant gets are a compensation for the wrong. If every suit may be re-tried on an allegation of malice, the evil would be intolerable, and the malice in each subsequent suit would be likely to be greater than in the first; and that if a defendant ought to have damages upon a false claim, then the plaintiff ought to have damages on a false plea, which would make litigation interminable. Beauchamp v. Troft, Keilw. 26; Fitzherbert’s Nat. Brev. 429; 1 Bac. Abr. 141; Savil v. Roberts, 1 Salk. 14; Buller’s Nisi Prius, 11; Parker v. Langley, “Gilbert's Cas. 163; Goslin v. Wilcock, 2 Wils. 305; 1 Am. Leading Cases, 261, note; Cooley on Torts, 189; Townshend on Slander and Libel, sec. 410; Taylor v. Wilson, Coxe, 362; Woodmansie v. Logan, 1 Penn. (N. J.), 68; Kramer v. Stock, 10 Watts, 115; Thomas v. Rouse, 2 Brev. 75; Ray v. Law, 1 Pet. C. C. 207; Potts v. Imlay, 1 South. 330; McNamee v. Minke, 49 Md., 122; Muldoon v. Rickey, 103 Pa. St. 110; Wetmore v. Mellinger, 64 Iowa, 751; Bitz v. Meyer, 11 Vroom. 252; Mayer v. Walter, 64 Pa. St. 283.
Where such suits have been maintained, the right has been placed upon the ground that taxable costs, including, as in most states, but the fees of witnesses and officers of the court, .afford a very partial and inadequate remuneration for the necessary expenses of defending an unfounded suit, and no remedy at all to repair the injury received. It is upon this principle, in part, that actions have even been sustained for malicious criminal prosecutions, in which no costs are taxed in favor of the accused. Where an action is brought and prosecuted maliciously, and without probable cause, it is an abuse of legal process, and the plaintiff asserts no claim in respect to which *370 he has any right to invoke the aid of the law. It is a wrong to disturb one’s property or peace ; and to prosecute one maliciously, and without probable cause, is to do that person a wrong. The common law declares that for every injury there is a remedy, and to deny remedy in such case would violate-this wholesome principle. The burden of establishing both malice and want of probable cause will prove a sufficient check to reckless suits of this character. When the plaintiff sets the-law in motion, he is the cause, if it be done groundlessly and maliciously, of defendant’s damage, and the defendant but stands upon his legal rights when he calls upon the plaintiff to prove his case to the satisfaction of judge and jury. Vanduzer v. Linderman, 10 Johns. 106; Pangburn v. Bull, 1 Wend. 345; Whipple v. Fuller, 11 Conn. 582; Closson v. Staples, 42 Vt. 209; Marbourgh v. Smith, 11 Kans. 554; Bigelow on Torts, 2nd Ed. 71; Smith v. Smith, 56 How. Prac. 316; Bump v. Betts, 19 Wend. 421; Woods v. Finnell, 13 Ky. 628; Hoyt v. Macon, 2 Col. 113; Payne v. Donegan, 9 Bradw. 566; McCardle v. McGinley, 86 Ind. 538; Juchter v. Boehm, 67 Ga. 534; Lawrence v. Hagerman, 56 Ill. 68; Atwood v. Marger, Style, 378. See, also, an able review of the subject by Jno. D. Lawson, Esq., of the St. Louis bar. 21 Am. Law Reg. 281.
There seems, as will appear by. reference to these citations, abundant authority in other states of the Union to support the proposition that a suit may be maintained for damages arising-from the prosecution of an ordinary civil action, when the same is done maliciously, and without probable cause, but without disturbance to person or property. The precise question has not been made in Ohio, though in two cases (Tomlinson v. Warner, 9 Ohio, 104, and Fortman v. Rottier, 8 Ohio St. 548), this court has held that an action may be maintained for maliciously and without probable cause, sueing out and levying a writ of attachment. So, when one has been wrongfully deprived of the use of his land by the prosecution, maliciously, and without probable cause, of an injunction proceeding, the court held (Newark Coal Co. v. Upson, 40 Ohio St. 17), that an action for malicious prosecution will lie. The-language of the opinion, page 25, is: “ It may now be consid *371 ered the approved doctrine, that, an action for the malicious prosecution of a civil suit may be maintained, whenever, by virtue of any order, or writ, issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty, or of the possession, use, or enjoyment, of property of value.”
It will be noted that where damages for the prosecution, maliciously and without probable cause, of an ordinary civil action, are refused, one of the principal reasons given is, that the allowance of taxed costs is regarded sufficient punishment to the plaintiff for prosecuting, and recompense to the defendant for defending, such an action. In England, the taxed costs which may be awarded to a successful defendant, include not only fees of court officers and witnesses, but attorney’s charges for preparing the case for trial and the honorarium of the barrister who tries it, and, in a number of American states, a like taxation of costs prevails. But in Ohio the successful party in an ordinary action recovers only the fees of witnesses and court officers, leaving his own personal expenses .in preparing the case, in attending the trial, and his attorney’s fees for preparation and for trial, to be paid without reimbursement. Taxed costs are not here regarded as affording full compensation for expenses incurred, for in cases where damages may be recovered for malicious injury, fees of counsel, as well as court costs, are included in compensatory, and not punitive, damages. The reason for the rule having failed, there is much ground for saying that the rule itself fails.
But there is no necessity in the present case for a determination of the question whether or not an action will lie for the malicious prosecution of an ordinary civil action, without probable cause, where there is no arrest or seizure, for the petition of the plaintiff makes a different case.
In many of its aspects, an action in forcible entry and detainer is an extraordinary proceeding. It is summary in its character, and may become, when prosecuted wrongfully, excessively annoying and harassing. Having given three day’s notice in writing to leave the premises, the plaintiff may commence his action by filing a complaint with a justice of the *372 peace, and in three days more the trial may take place. (See sec. 6599, Rev. Stats., and following.) The complaint need not be sworn to. If a continuance is asked by defendant for more than eight days, security for payment of rent is required. The action may involve the possession, by a defendant, of a home for himself and a dependent family. A failure to answer, or unsuccessful defense, may result in immediate and forcible ouster, and this without reference to the condition of the family, or the weather, or other surrounding circumstances. No appeal is allowed, nor is one action a bar to subsequent actions. The contingency of preparing a bill of exceptions must be anticipated, and counsel procured for that; else a review of erroneous holdings cannot be had. Error can be prosecuted only by leave of a judge, and such proceeding raises questions relating to competency of evidence only, and not questions touching the weight or sufficiency of the evidence. The justice is not even bound to sign a bill where the objection is only that the judgment is not sustained by sufficient evidence. If petition in error is allowed to be filed, the party must be ready with security, if exacted, to stay execution of the judgment against him.
Then, too, the plaintiff may select from several concurrent jurisdictions within the county. He may commence his action, if he so desire, in the township farthest removed from the residence of the defendant, or the one most inaccessible, thus requiring, it may be, his adversary to travel long distances, and to transport his witnesses at large expense. Failing in one action thus brought, he may continue prosecutions until his pocket-book, or his malice, or both, become exhausted. Plainly, in the hands of an unscrupulous prosecutor, possessed of abundant means, this kind of action may become grievously oppressive, and it is idle to say that the small bill of costs before a justice is either a sufficient punishment to inflict upon a 'malicious prosecutor, or constitutes any recompense to a wronged defendant. The statute gives to such plaintiff the right to resort to his action as often as he may choose, and to bring it before any justice within the county, but this implies no right to prosecute maliciously and without probable cause. *373 A groundless action, prosecuted with malice, is never justifiable, and a wrong suffered by such prosecution in forcible entry and detainer should not be without remedy.
Nor is there force in the objection, as applied to this case, that intolerable evils would arise from a multiplicity of suits thus encouraged. The law-making power has seen fit to provide by this statute that a judgment shall not be a bar to any after action. We have, in this provision, legislative declaration to the effect that evils may not be expected to follow repeated trials of issues under this statute. In consonance with this policy, it may be reasonable to conclude that, if repeated actions to determine the right to possession will not work intolerable evils, a review of the facts by a suit for malicious prosecution will not have that effect. At all events, the right to so review will naturally tend to check any evils that might flow from a misuse of the statutory right to repeated trials.

Judgment reversed.