## GONSOULAND v. ROSOMANO.

(Circuit Court of Appeals, Fifth Circuit. March 15, 1910.)

No. 1,818.

1. PLEADING (§ 228*)—EXCEPTIONS—NO CAUSE OF ACTION.

An exception to a petition for want of facts must be overruled, if the petition states facts which would entitle plaintiff to judgment if proved to be true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. PLEADING (§ 228*)—PETITION—SEPARATE CAUSES OF ACTION—EXCEPTION.

Where a petition seeks to recover several separate sums on a statement of facts relating to each claim, and it is met by an exception of no cause of action, presented as a defense to the entire petition, the exception should not be sustained if plaintiff has a cause of action within the court's jurisdiction on any branch of the case made.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

3. MALICIOUS PROSECUTION (§§ 49–51*)—PETITION.

In an action for malicious use of process—malicious prosecution—plaintiff must ordinarily aver that defendant instituted the proceeding with malice and without probable cause, and that it terminated in his favor.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 96–99; Dec. Dig. §§ 49–51.*]

4. PROCESS (§ 168*)—ABUSE OF PROCESS—ELEMENTS OF ACTION.

An action for malicious abuse of process, civil or criminal, will lie though the process was lawfully issued on a valid judgment for a just cause and is valid in form; the gravamen being the malicious abuse of the power conferred by the judgment and writ.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 257; Dec. Dig. § 168.*]

5. PROCESS (§ 170*)—ABUSE OF PROCESS.

The right of action for abuse of process is applicable to all kinds of abuses in the service of lawful process, not only against the officer whose duty it is to act lawfully, but against all who unite with him or direct him to inflict the injury.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 258; Dec. Dig. § 170.*]

6. PROCESS (§ 171*)—ABUSE OF PROCESS—PETITION.

A petition alleged that plaintiff sold defendant certain real estate; that defendant recorded the act of sale, and failed and refused to pay any part of the purchase price, whereupon plaintiff was compelled to obtain a decree annulling the sale and restoring possession; that, pending such suit, defendant brought two suits against plaintiff, one for possession of the property purchased, and the other on a claim for rent; that in the suit for rent, by defendant's direction, there was a seizure of stock and fixtures belonging to plaintiff in another house, and plaintiff, to maintain his credit and lessen the injury to his business, paid the rent under protest and costs of both suits; that, defendant, knowing of the pendency of the suit to annul the sale, obtained judgment for possession and caused to be issued a writ of ejectment and under the writ evicted plaintiff and his family and seized all the furniture, beds, bedding, and wearing apparel of himself, wife, and children, depriving them of its use notwithstanding its exemption; that the seizure was made by the direction of defendant to the officer in charge of the writ; that the property taken was never returned to plaintiff nor accounted for; that, after obtaining possession of the real

estate, defendant destroyed one of the buildings, and had acted throughout in bad faith, never intending to pay for the land; and that his action in the suits for rent and possession and in the use of process in such actions was malicious. *Held* to state a sufficient cause of action for abuse of process.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 171.*]

7. FRAUD (§ 43*)—DECEIT—PETITION.

The petition also stated a cause of action for damages for deceit.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 43.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action by Henry Gonsouland against Marco Rosomano. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This is an action at law for $5,000 damages, brought by Henry Gonsouland, a citizen of Mississippi, against Marco Rosomano, a citizen of Louisiana.

The following are the material averments of the petition:

"That petitioner, as owner, acting in good faith, agreed to sell to the said Marco Rosomano the certain lot of ground, with all the buildings and improvements thereon, situated in the city of New Orleans, designated as lot No. 12 in square No. 31, bounded by Sequin, Eliza, Bouny, and Evilina streets, for the agreed price of $1,300 cash, clear of all costs and expenses, and in execution of said agreement to sell, and in completion thereof, petitioner, on the 5th day of December, 1905, signed the act of sale of said property as prepared by a notary public, and delivery thereof immediately passed to said defendant, who caused said act of sale to be registered in the office of the register of conveyances in the city of New Orleans.

"Petitioner represents: That, although he signed said act of sale and delivered over to defendant the said property, the said defendant failed and refused to pay petitioner the purchase price thereof, and he was forced to institute suit against said defendant to rescind said sale for the nonpayment of the purchase price in the civil district court of the parish of Orleans; said suit being No. 77,938 of the docket of said court. That, after trial of said cause on the merits, judgment was therein rendered in favor of petitioner and against the said defendant, condemning and ordering the said defendant to pay the purchase price, to wit, $1,300, less the sum of $40.80, costs incurred in the transfer of said property, with legal interest from December 5, 1905, until paid within 10 days from the finality of said judgment, and in the alternative, should the defendant fail to pay as aforesaid to plaintiff within said time, then, in that event, that plaintiff have judgment in the alternative against the defendant rescinding and canceling said sale of the property described in plaintiff's petition restoring the same to him as owner and reserving to petitioner his right of action to recover the rents of said property from December 5, 1905, until paid. That said judgment is final and executory. No appeal has been taken therefrom.

"Petitioner shows that the said defendant failed to comply with said judgment in suit No. 77,938 by paying the purchase price or to deliver to petitioner the possession of said property or the rents or revenues collected by him on said property; amicable demand having been made without avail.

"Petitioner further shows: That during the pendency of the aforesaid suit for the dissolution of the sale of said property, and before said suit was tried, the said Rosomano filed a suit in the Second city court of New Orleans, No. 1,731, based upon a clause which was inserted in said act of sale without the knowledge or agreement of petitioner, whereby he was to pay to defendant the sum of $4 per week contingent upon petitioner occupying said premises after the sale. That, the next day after signing the act of sale. defendant had petitioner served with a notice to vacate said property, which he refused to do. That defendant, as plaintiff in said suit, unlawfully caused to be issued and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

executed a writ of provisional seizure, and caused to be illegally seized the movable property of petitioner contained in the house at Eliza and Powder streets, of this city, to wit, the barroom fixtures, counter, liquors, whisky, and stock in trade, which property was not liable to seizure under said writ by law; the said Rosomano having no lien or privilege upon said property, placing a keeper in charge of petitioner's place of business, and closing the same for several days. That petitioner, in order to preserve his good standing with his creditors, paid under protest the said claim for rent and all costs under said writ of provisional seizure, amounting to $31.80, notwithstanding that defendant had not paid the purchase price of said property, and was collecting rent on said property from the tenants of petitioner.

"Petitioner shows: That on December 18, 1905, defendant entered suit in the aforesaid Second city court, No. 1,722, against petitioner by rule for possession of said property described in his petition, and in the said act of sale as set forth in suit No. 77,938 of the docket of the civil district court, and while the said suit was still pending and untried on the merits. That petitioner refused to vacate said premises sold because the said defendant had failed to comply with his agreement by paying to petitioner the purchase price of said property. That in the said suit No. 1,722 of said city court the said defendant unlawfully caused to be issued and executed a writ of fieri facias or writ of ejectment, by which petitioner and his family were illegally ejected from said premises and threatened with arrest should any of them attempt to again enter said premises. That the keys of said premises were delivered to defendant under protest. That said defendant cleared said premises of the property of petitioner, consisting of his household furniture, kitchen utensils, and some clothing, throwing some of the furniture in the yard of said house, locking the doors and gates of said premises, denying petitioner the right to his property, retaining it, and taking into his possession the whole of the property, such as his parlor set, armoires, dressers, washstands, and bedroom sets, all of which property has never been returned to petitioner and is illegally detained or disposed of by said defendant to the injury and damage of petitioner. That by said illegal possession and detention petitioner has been illegally deprived of the use and enjoyment of his property, the comforts of his home, and forced to seek a home and shelter elsewhere, and to suffer the inconvenience and indignities of a public seizure. That some of the property seized was exempt under the law from seizure. That defendant maliciously and without probable cause took unlawful possession of petitioner's property over his protest, and deprived him of the whole of his property, which petitioner values at the sum of $450, as per itemized list of said property attached to this petition and made a part hereof for greater certainty.

"Petitioner shows: That, a short time previous to the sale of said real estate he erected in front of and adjoining said property two large rooms, which he and his wife used for a restaurant, wired with electric lights, where he conducted and from which he derived a good revenue that assisted materially in sustaining himself, wife, and family from said restaurant. That said two rooms were a part of said property sold to defendant aforesaid, and were substantially built of good material and finished in a workmanlike manner, and the same cost petitioner in all the sum of $250, and in good order and condition when delivered to defendant. That said defendant after he took possession of said property tore down and destroyed said two rooms and appropriated the lumber and material thereof to his own use, as he did also all of the personal property of petitioner that was contained in the loft of said two rooms, which personal property is included and valued in the statement annexed to this petition. That, when defendant destroyed said two rooms and the property therein contained, he had no legal right to said property because the purchase price thereof had not been paid, and the suit in the civil district court was pending and undecided.

"Petitioner shows that he was obliged to hire the services of an attorney at law to protect his rights in the premises, and agreed to pay said attorney the sum of $250, which petitioner considers a reasonable charge; that petitioner was forced to pay rent for himself and family from February 2, 1906, up to the present time, at the rate of $20 per month; that there is due petitioner the sum of $180 for rent paid by him; that said defendant has col-

lected rent on said property described in the act of sale for 14 months at the rate of $18 per month; that there is due petitioner for said rent $252, which said defendant refuses to pay after amicable demand; that petitioner has expended in costs in the suits in the Second city court of New Orleans, Nos. 1,731 and 1,722, the sum of $45, and he is entitled to recover same.

"Petitioner shows: That the unlawful issuance of the several writs in the suits Nos. 1,722 and 1,731 in the Second city court of New Orleans, and the illegal execution thereof at the instance of the defendant in seizing the property of the petitioner, and particularly said property not liable to seizure under the law and said writs, was done with the deliberate intention and with malice to vex, harass, and annoy petitioner without any probable cause or loss to said defendant. That the said defendant willfully sought to oppress petitioner, to destroy his credit with those with whom petitioner had business relations, and to humiliate him in the eyes of the community in which petitioner resided at the time, and was a direct means of forcing the petitioner to leave said community and to live in Gulfport, where petitioner is at present engaged in business. That the conduct of the said defendant in the said act of sale of the property herein described was fraudulent, and petitioner's signature obtained to said act of sale was by fraud and deceit. That the said defendant never evidenced any intention of carrying out his agreement to purchase said property by paying to petitioner the sum agreed upon or to comply with the judgment rendered in said case; but every act was done by him to defraud and damage petitioner and deprive him of his property without due process of law.

"Petitioner shows that the unlawful and forcible ejectment of petitioner and his family from his home under said circumstances herein mentioned, the unlawful destruction of his property, the illegal seizure of the movable property of petitioner, the unlawful possession and illegal detention of said property, depriving petitioner of a home and the use and enjoyment of his property and the value thereof, forcing petitioner to leave this city, and being made to suffer the shame, indignity, and mental worry in the eyes of his friends and neighbors by being forcibly thrown out under protest upon the public street, and the injury and damage the petitioner suffered at the hands of the defendant herein, entitles petitioner to claim punitory and exemplary damages in the sum of $3.475.

"Petitioner shows that the items of loss and damage herein claimed as actual damages suffered by petitioner are due to petitioner and should be paid to him by the said defendant, and petitioner subjoins hereto an itemized statement of defendant's indebtedness to petitioner, including all damages suffered and money paid by petitioner in the protestation and defense of his rights in the several suits in which the said property was wrongfully destroyed, appropriated and illegally detained by said defendant, and which petitioner was deprived of the value, use, and enjoyment thereof, and in support thereof petitioner makes the records in the several suits above mentioned part of this petition, and attaches the said records to this petition.

"Petitioner shows that he is entitled to claim the rent of the property, the sale of which was rescinded by judgment in suit No. 77,938 in the civil district court and collected by defendant, which he refuses to turn over or to account to petitioner from the 5th day of December, 1905, until the final determination of this suit, together with the amount he was obliged to pay for rent for himself and family, and such other sums as may be due, or until the delivery of the said property to petitioner, or in the alternative that his rights be reserved to him to bring his action for such rents as money as may become due from all sources from the filing of this suit by petitioner due by defendant.

"Wherefore, the premises considered, petitioner prays that the said defendant, Marco Rosomano, be cited to appear and answer this petitioner, and that after all legal delays and proceedings herein there be judgment in favor of petitioner in the full sum of $5.000, and against the said defendant, with 5 per cent. interest on the rents collected by said defendant from December 5, 1905, until paid, and legal interest from judicial demand on the balance claimed herein, and legal interest on the sum of $450, the value of the household furniture of petitioner illegally seized and detained by defendant, and all costs of court."

The defendant filed exceptions to the petition, several grounds of which were overruled by the Circuit Court; but the following exception, to wit, "that the plaintiff's petition shows no cause of action," was sustained, and the suit dismissed.

The plaintiff assigns that the Circuit Court erred in maintaining the exception of no cause of action and in dismissing the suit.

P. F. Hennessey, for plaintiff in error.

Henry P. Dart and Benj. W. Kernan, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge (after stating the facts as above). The exception of no cause of action was addressed to the petition as an entirety. Being sustained, it necessarily led to the dismissal of the suit. The question raised here is whether or not the Circuit Court erred in sustaining the exception. On an exception of no cause of action, the petition is taken as true, and if it states facts which entitle the plaintiff to judgment, if proved to be true, the exception should be overruled and the case tried on its merits. Goldsmith v. Virgin, 122 La. 831, 48 South. 279. When the petition seeks to recover several separate sums on a statement of facts relating to each claim, and is met by an exception of no cause of action presented as a defense to the entire petition, it should not be sustained if the plaintiff have a cause of action, within the jurisdiction of the court, on any branch of the case made by the petition. Bank v. Bank, 50 La. Ann. 528, 24 South. 14.

It appears from the petition that the plaintiff, Henry Gonsouland, sold to the defendant, Marco Rosomano, certain real estate; that the act was signed and the property transferred and the conveyance recorded in the defendant's name; that the defendant failed and refused to pay any part of the purchase price; and the plaintiff was compelled to resort to the state court to secure the annulment of the sale, and to have restored to him the title and possession of the property sold. In that suit the plaintiff obtained judgment as prayed for.

During the pendency of the plaintiff's suit for the annulment of the sale, the defendant, Rosomano, brought two suits in the Second city court of New Orleans against the plaintiff, Gonsouland, one for the possession of the property bought by him, and the other on a claim for rent. In the suit for rent, by the direction of the defendant herein, there was a seizure of the stock and fixtures, the property of the plaintiff contained in another house—not the one for which the rent was claimed. The plaintiff, to maintain his credit and lessen the injury to his business, paid under protest the claim for rent and all costs in both suits. The defendant, who had not paid any part of the purchase money for the real estate, and knowing that a suit was pending against him to annul the sale, obtained a judgment of possession and caused to be issued a writ of ejectment, and, under the writ, evicted the plaintiff, Gonsouland, and his family, and seized all of his furniture, bed, bedding, and wearing apparel of himself, wife, and children, depriving them of its use, notwithstanding its exemption from seizure. The seizure was made by the direction of the defendant, Rosomano, to the officer in charge of the execution, and the property taken was never

returned to the plaintiff, nor accounted for. After obtaining possession of the real estate, the defendant destroyed one of the buildings situated on the property. The petition alleges that the defendant acted in bad faith from the first; that he never intended to pay for the real estate; and that his action in the suits for rent and possession, and in the use of the process of the court in those actions, was malicious.

The plaintiff concludes this branch of the case by claiming as damages a sum exceeding $2,000 for the unlawful destruction of his property, the illegal detention and conversion of his personal property, and for being made to suffer the "indignity and mental worry in the eyes of his friends and neighbors."

It is not necessary for us to consider the various claims for other and different sums asserted in the petition. No pleading is before us raising questions about them separately. We direct our attention to one branch of the suit only.

The petition, taken as an entirety, and disregarding surplusage, seems to us to contain sufficient allegations of facts, if true, to show the unlawful, willful, and malicious abuse of the process of the state court.

In sustaining the exception of no cause of action, the court below was probably influenced by the fact that Rosomano was successful in his suit to eject Gonsouland. To be influenced by that fact appearing in the petition is to confound the case made by the petition with an action for malicious prosecution. The gravamen of the complaint here is not the malicious suing out of process, but the action is founded on the abuse of process. In an action for the malicious use of process—malicious prosecution—the plaintiff must ordinarily aver in his petition that the defendant instituted the proceeding with malice and without probable cause, and that the case has terminated in his favor; and this he must prove to be entitled to a judgment for damages. Wheeler v. Nesbitt, 24 How. 544, 16 L. Ed. 765; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116. Where the action is predicated upon the abuse of process, such averment or proof is not required. Grainger v. Hill, 4 Bing. N. C. 212, 7 L. J. (C. P.) 85; Railroad Co. v. Hardware Co., 143 N. C. 54, 55 S. E. 422; Page v. Cushing, 38 Me. 523, 527; Snydacker v. Brosse, 51 Ill. 357, 99 Am. Dec. 551. An action for the malicious abuse of lawful process, civil or criminal, will lie, although the process was lawfully issued upon a valid judgment for a just cause, and is valid in form. The grievance for which redress is sought arises in consequence of subsequent acts—the illegal and malicious abuse of the power conferred by the judgment and writ. The principle is general and has been enforced in a great variety of cases. It is applicable to all kinds of abuses in the service of lawful process. For every such wrong there is a remedy, not only against the officer whose duty it is to act lawfully, but against all who unite with him or direct him to inflict the injury. Wood v. Graves, 144 Mass. 365, 11 N. E. 567, 59 Am. St. Rep. 95; Mayer v. Walter, 64 Pa. 283, 286; Rogers v. Brewster, 5 Johns. (N. Y.) 125; Antcliff v. June, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533; Casey v. Hanrick, 69 Tex. 44, 6 S. W. 405; Wanzer v. Bright, 52 Ill. 35; Crusselle v. Pugh, 71 Ga. 744, 747; Juchter v. Boehm, Bendheim & Co., 67 Ga.

534; Rosenthal v. Circuit Judge, 98 Mich. 208, 57 N. W. 112, 22 L. R. A. 693, 39 Am. St. Rep. 535; Twilley v. Perkins, 77 Md. 252, 26 Atl. 286, 19 L. R. A. 632, 39 Am. St. Rep. 408; Huyghe v. Brinkman, 34 La. Ann. 831.

In Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141, 147, 7 Sup. Ct. 472, 479 (30 L. Ed. 614), Mr. Justice Matthews, speaking for the Supreme Court, said:

"It is conceded that, according to the law of Louisiana, the action for a malicious prosecution is founded on the same principles, and subject to the same defenses, as have been established by the common law prevailing in the other states."

And there is no reason why the same is not true as to an action for the abuse of process. Civil Code of Louisiana, art. 2315 (2294).

Besides showing an abuse of process, the petition as a whole presents an actionable case for fraud and deceit. The averments are to the effect that the defendant acted in bad faith throughout the transaction; that he never intended to make payment for the real estate, but obtained the conveyance with the intent to secure possession of the property, real and personal, without paying for it, and to make such profit and gain as he could without any compensation to the plaintiff. The scheme was successful to the plaintiff's damage, and the defendant unjustly profited by it. The process of the court being harshly and oppressively used to carry out such purpose, the action, as we have shown, lies for the abuse of the court's process. But the same facts also constitute a fraud and deceit which is actionable at law on general principles. It was held by the Supreme Court that an action lies for obtaining a certificate of stock by deceit. Fenemore v. United States, 3 Dall. 357, 1 L. Ed. 634. It is an old and well-settled doctrine that, in all cases where a person sustains pecuniary loss or damage by the deceit and fraud of another, an action on the case lies at the suit of the partly injured to repair the wrong. This is recognized both by the English and the American courts. Pasley v. Freeman, 3 Durnf. & E. 51; Dobell v. Stevens, 3 B. & C. 623, 10 Com. Law Rep. 201; Young v. Hall, 4 Ga. 95; Lowe v. Trundle, 78 Va. 65; Allison v. Tyson, 5 Humph. (Tenn.) 449; Applebee v. Rumery, 28 Ill. 280.

In this day, it should make no difference what an action may be called. The question is whether the facts stated show a wrong and injury to the plaintiff by the defendant for which he is entitled to redress. It would be intolerable if the law afforded no remedy for a deliberate and successful cheat, enforced and carried out by the abuse of legal process, whereby the plaintiff was damaged and the defendant profited unjustly.

What we have said is, of course, based upon the assumption that the averments of the petition are true, and must be considered without prejudice to the defendant in a trial on the merits.

Judgment reversed, and cause remanded for a new trial.